UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK AMARAL, Individually and on behalf of all Current and Former Similarly-Situated Employees of Defendants<br>Plaintiff<br><br>V.<br><br>ADVANTAGE WEATHERIZATION, INC.<br>And JOHN KELLY<br>   Defendants | C.A. NO. 1:12-CV-11583-DPW |

MEMORANDUM OF LAW

INTRODUCTION

Derek Amaral (Amaral), the Plaintiff in the within action, is a former employee of the Defendant, Advantage Weatherization, Inc. (Advantage). Amaral worked for Advantage between June 27, 2010 and December 2011. In January 2012, Amaral filed a charge with the National Labor Relations Board against Advantage. That charge was resolved with a back pay award of $323.00. On August 24, 2012 filed this suit in the United States District Court.

FACTS

Advantage is a corporation organized under the laws of the Commonwealth of Massachusetts with a usual place of business in Brockton, Massachusetts. Advantage is engaged in the business of installing weatherization materials into single-family and multi-family residences. John Kelly (Kelly) is President of Advantage. Amaral was hired by Advantage in

June 2010 to perform installation of weatherization materials. Shortly after Amaral was employed, Advantage entered into a collective bargaining agreement with the Laborers' International Union of North America Local 7. At the time there were approximately fifty (50) employees of Advantage and each of them became a member of the Laborers' Union.

On and after September 2010, all of Advantage's employees were paid according to the wage rates contained in the collective bargaining agreement. A copy of that agreement is attached hereto as Exhibit A. Amaral worked steadily from June 2010 through the middle of December 2011 when he was laid off in a general layoff of employees. After his layoff, Amaral filed a charge with the National Labor Relations Board against Advantage claiming among other things, discrimination and mistreatment. At the same time, Amaral filed complaints with the Massachusetts Attorney General's Office and the United States Department of Labor. The NLRB charge was settled with a back-pay award of $323 which Advantage paid. To date, no action has been taken by the Office of the Massachusetts Attorney General and the investigation conducted by the United States Department of Labor ended up in the issuance of a right to sue letter rather than an action being brought directly by the Department. Having failed to receive anything more than the $323 from the NLRB charge, Amaral filed a suit on behalf of himself and a yet to be determined class of employees with similar claims.

## ARGUMENT

### I. PLAINTIFF'S CLAIM MUST BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Plaintiff admits in his Complaint (¶ 16) that his employment was governed by a collective bargaining agreement. That collective bargaining agreement provides in Article V, that "Any dispute arising out of or under this Agreement, shall be reduced to writing within ten (10) days of the time the grieving party knew or reasonably should have known of the events

giving rise to the grievance." Later, Article V provides that "If no agreement is reached by the parties, the Employer or the Union may demand arbitration under the procedures of the American Arbitration Association . . . The arbitrator shall have the authority to decide the issue in dispute, but shall have no authority to change, amend, add to or detract from the provisions of this Agreement. The arbitrator's decision shall be final and binding."

Amaral never filed a grievance with his Union over all of the allegations contained in his Complaint which are governed by the collective bargaining agreement. The wage rate to be paid is contained in Article VIII with a note, that in the event a Davis-Bacon rate is higher than the Union rate, the Davis-Bacon rate shall prevail. Article VI of the collective bargaining agreement requires that all hours worked in excess of 40 hours per week shall be paid at time and one-half the straight time rate.

The collective bargaining agreement provided protection to Amaral for all the issues to which he claims in this lawsuit. The remedy of the arbitration procedure was available to him as a member of the union covered by that collective bargaining agreement. *". . . a level three grievance directed to the Commissioner was an 'available' remedy for purposes of PLRA exhaustion. Johnson's concession that he did not file one dooms his §1983 claim."* Johnson v. Thyng, 369 Fd. Appx. 144 (2010 1st Cir.) The requirement for dismissal of a civil suit in the federal court for failure to exhaust administrative remedies is well settled in the First Circuit. *". . . an aggrieved federal employee alleging discrimination under the Rehabilitation Act must exhaust his administrative remedies before bringing suit in Federal Court."* Citing Velazquez-Rivera v. Danzig, 234 Fd. 3d 790-794 (1st Cir. 2000) *"Reading the allegations in the Amended Complaint, in the light most favorable to Pell, his claim is likewise barred by the Rehabilitation Act's administrative exhaustion requirement."* Pell v. Potter, Postmaster General, 2011 U.S.


giving rise to the grievance." Later, Article V provides that "If no agreement is reached by the parties, the Employer or the Union may demand arbitration under the procedures of the American Arbitration Association . . . The arbitrator shall have the authority to decide the issue in dispute, but shall have no authority to change, amend, add to or detract from the provisions of this Agreement. The arbitrator's decision shall be final and binding."

Amaral never filed a grievance with his Union over all of the allegations contained in his Complaint which are governed by the collective bargaining agreement. The wage rate to be paid is contained in Article VIII with a note, that in the event a Davis-Bacon rate is higher than the Union rate, the Davis-Bacon rate shall prevail. Article VI of the collective bargaining agreement requires that all hours worked in excess of 40 hours per week shall be paid at time and one-half the straight time rate.

The collective bargaining agreement provided protection to Amaral for all the issues to which he claims in this lawsuit. The remedy of the arbitration procedure was available to him as a member of the union covered by that collective bargaining agreement. *". . . a level three grievance directed to the Commissioner was an 'available' remedy for purposes of PLRA exhaustion. Johnson's concession that he did not file one dooms his §1983 claim."* Johnson v. Thyng, 369 Fd. Appx. 144 (2010 1st Cir.) The requirement for dismissal of a civil suit in the federal court for failure to exhaust administrative remedies is well settled in the First Circuit. *". . . an aggrieved federal employee alleging discrimination under the Rehabilitation Act must exhaust his administrative remedies before bringing suit in Federal Court."* Citing Velazquez-Rivera v. Danzig, 234 Fd. 3d 790-794 (1st Cir. 2000) *"Reading the allegations in the Amended Complaint, in the light most favorable to Pell, his claim is likewise barred by the Rehabilitation Act's administrative exhaustion requirement."* Pell v. Potter, Postmaster General, 2011 U.S.

*Dist. Lexis 2036 "'judicial recourse under Title VII ... is not a remedy of first resort'* Morales-Vallellanes v. Potter, *339 Fd. 3d 9, 18 (1ˢᵗ Cir. 2003) "Before an employee may sue in federal court in a Title VII claim, he must first exhaust administrative remedies."* Franceschi v. United States Department of Veterans Affairs, *514 Fd. 3d 81; (1ˢᵗ Cir. 2008) "With limited exceptions, such as that described below regarding claims of retaliation for filing an administrative charge, the failure to exhaust this administrative process 'bars the courthouse door'."* Franceschi, *supra, citing* Bonilla v. Muebles J. J. Alvarez, Inc. *194 Fd. 3d 275, 278 (1ˢᵗ Cir. 1999)*

The cases cited above refer to federal statutes which require an administrative procedure before a claimant may bring suit in a federal court. The federal courts have also upheld dismissal for failure to exhaust administrative remedies in the collective bargaining arena. In the case of Hennebury v. Transport Workers of America, Local 507 and American Airlines, *485 F. Supp. 1319, (Mass. Dist. Ct. 1980)* the United States District Court for the District of Massachusetts held that *"Before an employee may seek court review of his discharge, he must first exhaust his remedies under the grievance procedures."* And further, the Court held that *"The Exhaustion of Remedies Doctrine has been a long-standing feature of labor law ..." Citing the United States Supreme Court decision in* Andrews v. Louisville and Nashville R.R. Company, *406 U.S. 323,* the District Court held *"... even if an employee's grievance sounds in tort, so long as it implicates in any way the collective bargaining agreement it should be subjected first to administrative review according to the parties' bargaining agreement."*

In areas governed by the Employee Retirement Income Security Act of 1974 (ERISA) the First Circuit Court of Appeals has held that *"... claimant for benefits under ERISA must exhaust plan's administrative remedies before suing."* Rivera-Diaz and Rivera-Flancon v. American

*Airlines Inc.*, 2000 U.S. App. Lexis 18008 (1st Cir. 2000)   On appeal from *Rivera-Diaz v. American Airlines Inc.*, 229 Fd. 3d 1133, (1st Cir. P.R. 2000)

Amaral had an affirmative duty to file a grievance through the arbitration mechanism contained in the collective bargaining agreement because his dispute was with his employer over wages and overtime pay. Amaral failed to do so and, therefore, his Complaint should be dismissed for failure to exhaust administrative remedies.

## II. THE COMPLAINT SHOULD BE DISMISSED ON THE BASIS OF RES JUDICITA

Amaral worked from June 2010 until December 2011 when he was laid off. Immediately after his layoff, Amaral filed a charge with the National Labor Relations Board in January 2012. That matter was settled with a back-pay award calculated by Region One of the National Labor Relations Board in Boston, to be $323. Advantage paid the "back-pay award" to Amaral and the charge was withdrawn. In addition to his NLRB charge, Amaral filed a complaint with the Massachusetts Attorney General's Office and with the United States Department of Labor Wage and Hour Division. The Wage and Hour Division investigated Advantage's payroll and after unsuccessful negotiations between the Wage and Hour Division and Advantage, the US DOL determined that it would not bring suit against Advantage but rather gave Mr. Amaral a right to sue letter. The US DOL was not aware of the collective bargaining agreement which controls Amaral's employment.

Since Amaral has already collected a "back-pay award" through the National Labor Relations Board, that resolution should serve as res judicita to Amaral's identical claim in the United States District Court.

## CONCLUSION

For the reasons stated and the case law cited herein, the Complaint of Amaral should be dismissed for failure to exhaust administrative remedies pursuant to Federal Rules of Civil Procedure Rule 12(b(6).

                                              ADVANTAGE WEATHERIZATION, INC.
                                              AND JOHN KELLY
                                              By their attorney,

DATED:  September 17, 2012                    /s/ *James F. Grosso*
                                              James F. Grosso – BBO 213320
                                              O'Reilly, Grosso & Gross, P.C.
                                              1671 Worcester Road, Suite 102
                                              Framingham, MA 01701-5400
                                              Tel: 508/620-0055
                                              jgrosso@ogglaw.com