# EXHIBIT A

U.S. Department of Labor

Wage and Hour Division
JFK Federal Building, Room 525
Government Center, Boston, MA 02203
Telephone Number (617) 624-6700
Facsimile Number (617) 624-6701



August 31, 2012

Derek Amaral
456 Bullock St.
Fall River, MA 02720

Subject: Advantage Weatherization, Case No.: 1627666

Dear Mr. Amaral:

Based on the findings of a Fair Labor Standards Act (FLSA) investigation conducted by the Wage and Hour Division (WHD) of the above named employer, you were found to be owed $15,620.85 in unpaid minimum wages or unpaid overtime compensation calculated by the WHD for the employment period beginning September 6, 2009 and ending September 3, 2011. Specifically, the above-named company violated the FLSA by Section 7 of the FLSA. The FLSA requires employers to pay each non-exempt employee covered by the Act no less than the federal minimum wage of $7.25 per hour and overtime premium pay at time and one-half the regular rate of pay for all hours worked in excess of 40 hours in a single workweek.

The WHD contacted the employer, explained the FLSA wage requirements, and requested payment of the wages owed to you. The employer would not agree to voluntarily pay the wages owed to you. The WHD has the authority to file court actions against employers who do not agree to voluntarily resolve violations of the FLSA. However, the WHD's resources do not permit it to litigate all of the cases for which it is unable to obtain the employer's agreement to pay. Consequently, it is necessary for the WHD to advise certain complainants that it will not pursue litigation on their behalf and advise them of other resources that may be available to them to resolve their claims.

The WHD is declining to litigate your complaint and will not take any further action on your behalf. The decision by the WHD not to litigate your claim and to take no further action on your behalf does not affect your right to bring a private action in court under the FLSA to recover unpaid minimum wages or unpaid overtime compensation owed to you for the period of time indicated above and an equal amount in liquidated damages, plus attorney's fees and court costs under section 16(b) of the FLSA. The WHD does not encourage or discourage such legal action. The decision to pursue a private action is entirely up to you.

If you wish to pursue a private action and would like assistance locating an attorney who may be interested in your case, you may call this toll-free number to locate an American Bar Association (ABA)-approved attorney referral provider in your area : 1-866-766-6550. If you decide to contact an ABA-approved attorney referral provider, please tell the provider that you obtained their contact information using the toll-free number provided by the WHD in this letter.

*Working For America's Workforce*

Please note that WHD is providing this toll-free number as a service to those complainants seeking further assistance. The WHD does not guarantee the accuracy of the information provided through this toll-free number or by any ABA-approved attorney referral provider, nor does the WHD guarantee that an attorney will accept your case. In addition, WHD is not endorsing the services of any attorney to whom you may be referred, or guaranteeing the results of any services that attorney may provide. Providing the toll-free number creates no liability on the part of the government.

If you choose to pursue a private action, you may request, using the "Request for Documents" sheet attached to this letter, the following documents to provide to the ABA attorney to whom you were referred:
1. Your personal complaint documents (e.g. written statements, records of hours worked, pay stubs) you provided to the WHD;
2. Back wage computations/WH-55 or equivalent, pertaining to you only;
3. Your interview statement;
4. Case File Investigation Narrative Report

If you choose to request documents numbers 1 – 3 above, the WHD will promptly provide the documents to you. If you include document number 4 above, your overall request will likely take longer to complete. Additional documents other than those noted above may be obtained by you or your attorney by making a Freedom of Information Act (FOIA) request in writing. Please note that information such as the names of other employees or witnesses that were a part of the investigation will not be provided as part of any request.

The Request for Documents should be sent to the following address:

Referral Document Request
U.S. Department of Labor
Wage and Hour Division
200 Constitution Avenue N.W., S-3502
Washington, D.C. 20210

Please keep in mind that recovery of unpaid back wages under the FLSA is subject to a two-year statute of limitations unless the employer's actions are willful, which extends the statute of limitations an additional year. Generally, this means that any part of a back wage claim which was earned more than two years before a lawsuit is filed may not be recoverable.

A copy of the Handy Reference Guide (HRG) to the FLSA is enclosed for your information. Please feel free to contact this office at 617-624-6700 if you have any questions regarding this letter.

Sincerely,

Carlos Matos
Assistant District Director
Enclosure: FLSA HRG

# EXHIBIT B

INTERNET FORM NLRB-501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C 3512

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| 01-CA-072128 | Jan. 10, 2012 |

INSTRUCTIONS:
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

a. Name of Employer: Advantage Weatherization

b. Tel. No. 617-237-1850

c. Cell No. 866-508-0886

d. Address (Street, city, state, and ZIP code): 2 Adays Place, Suite 100, Quincy MA 02169

e. Employer Representative: John Kelly, President

f. Fax No. 617-237-1851

g. e-Mail:

h. Number of workers employed: 62

i. Type of Establishment (factory, mine, wholesaler, etc.): Construction

j. Identify principal product or service: Weatherization

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) _____ of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

I have been isolated, segregated and discriminated against due to my union activities as well as bringing up questions of unsafe working conditions to my President and Supervisors.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

Derek P. Amaral

4a. Address (Street and number, city, state, and ZIP code): 456 Bullock St, Fall River, MA 02720

4b. Tel. No. 508-679-2280

4c. Cell No. 508-965-3760

4d. Fax No.

4e. e-Mail: damaral74@gmail.com

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By: [signature] Derek Amaral
(signature of representative or person making charge) (Print/type name and title or office, if any)

Tel. No. as above

Office, if any, Cell No.

Fax No.

e-Mail

Address: 456 Bullock St Fall River, MA 02720   (date) 1/9/12

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Form NLRB - 501 (2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**

INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 01-CA-072128 | |

File an original of this charge with NLRB Regional Director in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Tel. No. |
|---|---|---|
| ADVANTAGE WEATHERIZATION INC | | (617)237-1850S:FORMAT:(XXX) XXX-XXXX |
| | | c. Cell No. (866)508-0886S:FORMAT:(XXX) XXX-XXXX |
| d. Address (street, city, state ZIP code) 2 ADAMS PL., STE. 100, QUINCY, MA 02169-7458 | e. Employer Representative JOHN KELLY | f. Fax No. (617)237-1851S:FORMAT:(XXX) XXX-XXXX |
| | | g. e-Mail |
| | | h. Dispute Location (City and State) Quincy, MA |
| i. Type of Establishment (factory, nursing home, hotel) construction | j. Principal Product or Service weatherization | k. Number of workers at dispute location 62 |

l. The above-named employer has engaged in and is engaging unfair labor practices within the meaning of section 8(a), subsections (1) **and (3), (4)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

On or about December 8, 2011, the Employer selected Derek Amaral for layoff because he had engaged in activities protected by the Act.

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number)* DEREK P. AMARAL | |
|---|---|
| 4a. Address (street and number, city, state, and ZIP code) 456 BULLOCK ST., FALL RIVER, MA 02720-7657 | 4b. Tel. No. (508)679-2280S:FORMAT:(XXX) XXX-XXXX |
| | 4c. Cell No. (508)965-3760S:FORMAT:(XXX) XXX-XXXX |
| | 4d. Fax No. |
| | 4e. e-Mail damaral74@gmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. (508)679-2280S:FORMAT:(XXX) XXX-XXXX |
|---|---|---|
| By: (signature of representative or person making charge) Address: 456 BULLOCK ST., FALL RIVER, MA 02720-7657 | DEREK P. AMARAL Print Name and Title Date: | Office, if any, Cell No. (508)965-3760S:FORMAT:(XXX)XXX-XXXX |
| | | Fax No. |
| | | e-Mail damaral74@gmail.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# EXHIBIT C

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
SETTLEMENT AGREEMENT

IN THE MATTER OF

ADVANTAGE WEATHERIZATION                                  Case 01-CA-072128

Subject to the approval of the Regional Director for the National Labor Relations Board, the Charged Party and the Charging Party HEREBY AGREE TO SETTLE THE ABOVE MATTER AS FOLLOWS:

POSTING OF NOTICES — After the Regional Director has approved this Agreement, the Regional Office will send copies of the approved Notices to the Charged Party. A responsible official of the Charged Party will then sign and date those Notices and immediately post them in prominent places around its Brockton facility, including all places where the Charged Party normally posts notices to employees. The Charged Party will keep all Notices posted for 60 consecutive days after the initial posting.

COMPLIANCE WITH NOTICE — The Charged Party will comply with all the terms and provisions of said Notice.

BACKPAY — Within 14 days from approval of this agreement, the Charged Party will make whole Derek Amaral by payment to him of $323.00. The Charged Party will make appropriate withholdings from this payment.

NON-ADMISSION CLAUSE — By entering into this Settlement Agreement, the Charged Party does not admit that it has violated the National Labor Relations Act.

SCOPE OF THE AGREEMENT — This Agreement settles only the above-captioned case. It does not settle any of the allegations of Case 1-CA-061402 or Case 1-CA-061640. It does not prevent persons from filing charges, the General Counsel from prosecuting complaints, or the Board and the courts from finding violations with respect to matters that happened before this Agreement was approved regardless of whether General Counsel knew of those matters or could have easily found them out. The General Counsel reserves the right to use the evidence obtained in the investigation and prosecution of the above-captioned case for any relevant purpose in the litigation of this or any other case, and a judge, the Board and the courts may make findings of fact and/or conclusions of law with respect to said evidence.

PARTIES TO THE AGREEMENT — If the Charging Party fails or refuses to become a party to this Agreement and the Regional Director determines that it will promote the policies of the National Labor Relations Act, the Regional Director may approve the settlement agreement and decline to issue or reissue a Complaint in this matter. If that occurs, this Agreement shall be between the Charged Party and the undersigned Regional Director. In that case, a Charging Party may request review of the decision to approve the Agreement. If the General Counsel does not sustain the Regional Director's approval, this Agreement shall be null and void.

AUTHORIZATION TO PROVIDE COMPLIANCE INFORMATION AND NOTICES DIRECTLY TO CHARGED PARTY — Counsel for the Charged Party authorizes the Regional Office to forward the cover letter describing the general expectations and instructions to achieve compliance, a conformed settlement, original notices and a certification of posting directly to the Charged Party. If such authorization is granted, Counsel will be simultaneously served with a courtesy copy of these documents.

Yes __/s/ JFG_____     No_____
       Initials             Initials

PERFORMANCE — Performance by the Charged Party with the terms and provisions of this Agreement shall commence immediately after the Agreement is approved by the Regional Director, or if the Charging Party does not enter into this Agreement, performance shall commence immediately upon receipt by the Charged Party of notice that no review has been requested or that the General Counsel has sustained the Regional Director.

The Charged Party agrees that in case of non-compliance with any of the terms of this Settlement Agreement by the Charged Party, and after 14 days notice from the Regional Director of the National Labor Relations Board of such non-compliance without remedy by the Charged Party, the Regional Director will issue a complaint that will include the allegations spelled out above in the Scope of Agreement section. Thereafter, the General Counsel may file a motion for default judgment with the Board on the allegations of the complaint. The Charged Party understands and agrees that all of the allegations of the complaint will be deemed admitted and it will have waived its right to file an Answer to such complaint. The only issue that may be raised before the Board is whether the Charged Party defaulted on the terms of this Settlement Agreement. The Board may then, without necessity of trial or any other proceeding, find all allegations of the complaint to be true and make findings of fact and conclusions of law consistent with those allegations adverse to the Charged Party on all issues raised by the pleadings. The Board may then issue an order providing a full remedy for the violations found as is appropriate to remedy such violations. The parties further agree that a U.S. Court of Appeals Judgment may be entered enforcing the Board order ex parte, after service or attempted service upon Charged Party/Respondent at the last address provided to the General Counsel.

NOTIFICATION OF COMPLIANCE — Each party to this Agreement will notify the Regional Director in writing what steps the Charged Party has taken to comply with the Agreement. This notification shall be given within 5 days, and again after 60 days, from the date of the approval of this Agreement. If the Charging Party does not enter into this Agreement, initial notice shall be given within 5 days after notification from the Regional Director that the Charging Party did not request review or that the General Counsel sustained the Regional Director's approval of this agreement. No further action shall be taken in the above captioned case(s) provided that the Charged Party complies with the terms and conditions of this Settlement Agreement and Notice.

| Charged Party<br>ADVANTAGE WEATHERIZATION INC | | Charging Party<br>DEREK P. AMARAL | |
|---|---|---|---|
| By:           Name and Title<br><br>/s/ James F. Grosso<br><br>James F. Grosso, Attorney | Date<br><br>03/20-12 | By:           Name and Title<br><br>/s/ Derek Amaral | Date<br><br>03-22-12 |
| Recommended By:<br><br>/s/ Robert P. Redbord<br><br>Deputy Regional Attorney | Date<br><br>3/28/12 | Approved By:<br><br>/s/ Rosemary Pye<br><br>Regional Director, Region 01 | Date<br><br>03-28-12 |