# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK AMARAL, Individually and on behalf of all Current and Former Similarly-Situated Employees of Defendants,<br>    Plaintiff<br><br>V.<br><br>ADVANTAGE WEATHERIZATION, INC.,<br>And JOHN KELLY,<br>    Defendants. | C.A. No. 1:12-CV-11583-DPW |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE PLAINTIFFS

### INSTRUCTIONS

A.    Rule 33(a) requires that each interrogatory must be answered separately and fully in writing under the penalties of perjury, unless it is objected to, in which event the reasons for the objection must be preceded by the interrogatory to which it responds. The answer must be signed by the person making it. Objections made to any interrogatory must be signed by the person or attorney making them. The party upon whom the interrogatories have been served must serve a copy of the answers and objections, if any, within thirty (30) days after the service of the interrogatories to all parties and must forthwith file the original answers with the party propounding them.

B.    In answering these interrogatories you are required to make full and complete answers. You must include in your answers: (1) all information that you know or that is available to you, including inquiry of your principals, agents, employees, attorneys, representatives, any person acting or purporting to act on your behalf, and any other persons in active concert and participation with you or with them, whether past or present and without regard to whether or not their relationship with you currently exists or has been terminated, and (2) making examination of any and all documents or tangible things in your possession, custody or control that in any way refer to the information sought by these interrogatories, and (3) if unable, after exercising due diligence, to obtain the information needed to answer the interrogatories, it should be answered to the extent possible, specify the inability to answer the remainder, and disclose any information you do have concerning the unanswered part of the efforts made to obtain the unknown information.

C.    Each interrogatory is to be construed as asking for the source of any information provided in your answer thereto, including the identification of each person from whom you obtained documents or tangible things relied upon by you in making your answer. Unless otherwise

specifically so stated in your answer, your answer will be deemed a statement by you of your own knowledge.

D. If you sue or are sued in more than one capacity or if your answers would be different if suing or sued in any different capacity such as an agent, corporate officer, or director, partner or the like, then you are required to answer separately in each capacity.

E. You are required, if you object to any interrogatory on the grounds of privilege, work product, trade secret, or on any other grounds, to state with specificity for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

F. YOU ARE SPECIFICALLY REQUESTED PURSUANT TO RULE 26(e)(1)(A) TO SUPPLEMENT SEASONABLY ALL OF YOUR ANSWERS TO THESE INTERROGATORIES TO INCLUDE ANY INFORMATION ACQUIRED BY YOU AFTER THE DATE OF YOUR ANSWERS.

## DEFINITIONS

The term "document" is used in these interrogatories in its broadest sense and means any record of information of any kind or description, however made, produced, or reproduced, whether by hand or by any electronic, photographic, mechanical or other process. Documents can take the form of any medium on which information can be stored, including, without limitation, computer memory, motion pictures, photographs, film paper, phonograph records, tape recordings, videotapes, and video disks.

The term "document" includes all drafts, all originals, and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise.

A. When used with respect to a natural person, shall mean the legal and any other name used by such person, his or her age, social security number, residential address, occupation, employer, and business address.

B. When used with respect to a partnership, shall mean (i) the legal name of the partnership, (ii) all trade or other names under which the partnership does business, (iii) the name and residential address of each general and each limited partner of the partnership, (iv) the name of the jurisdiction in which the partnership is registered and of each state in which it is qualified to do business, (v) the address of all places of business maintained by such partnership, (vi) the place at which the business records of the partnership are maintained and (vii) the name and business address of the keeper of the records of the partnership.

C. When used with respect to a corporation, shall mean (i) the legal name of the corporation, (ii) all trade or other names under which the corporation does business, (iii) the name and residential address of each officer and director of the corporation, (iv) the name and business address of each registered agent of the corporation, (v) the principal place of business of the corporation, (vi) the name of the jurisdiction in which it is incorporated, (vii) all states in which

the corporation is legally qualified to conduct its business, (viii) the place at which the business records of the corporation are maintained, and (ix) the name and business address of the keeper of the records of the corporation.

D.   When used with respect to a document, shall mean (i) its customary name or description and identifying names, if any, (ii) the date the tangible thing was made, produced, and if you did not make or produce the tangible thing, (iii) the identity of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof.

E.   When used with respect to a tangible thing, shall mean (i) its customary name or description and identifying number, if any, (ii) the date the tangible thing was made, produced, and if you did not make or produce the tangible thing, the date you acquired it, (iii) the identity of each person or entity who made the tangible thing, (iv) the identity of each person or entity who has possession, custody, or control of the tangible thing or any copy thereof.

F.   The terms "you and "yours", unless another intention clearly appears, refers to the party to whom these interrogatories are addressed, and to any of your principals, agents, employees, attorneys, representatives, insurers, and any person acting or purporting to act on your behalf, and any person acting or purporting to act on your behalf, and any persons in active concert and participation with you, whether past or present, without regard to whether or not the relationship exists or has been terminated.

G.   For the purposes of these interrogatories, the term "Plaintiff' shall refer to the following: Casey Weaver; Allan Moyers, Thomas J. O'Leary; Janie B. Little; Tony Maldonado; Gary A. White; Eric Murphy; Gary Brown; Bruno Baptista; Stevie Vieira; Shayna Hancock; Darryll Hutchins; Donald Baravella; Thomas Worsley; Brando Yow; Scott Wheeler; Louis Martin; Richard Dimare, Jr.; Stephen Sampson; Shane O'Neill; Michael Medieros; Edward Hood; Derek Carvalho; Richard Medeiros Jr.; Jeff Morais; Todd Carvalho; Jason Marcy; and Albert Marino, Jr. .

H.   For the purposes of these interrogatories, the term "Defendants" shall refer to Advantage Weatherization and John Kelly.

I.   For the purposes of these interrogatories, the term "Defendants' shop" shall refer to the Defendants' warehouse located at 1150 West Chestnut Street, Brockton, MA.

INTERROGARTORIES

## INTERROGATORY NO. 1

Please identify yourself and also state your:

      a.    full name;

      b.    date and place of birth;

      c.    social security number;

    d.    driver's license number and state of issuance;

    e.    educational background; and

    f.    occupation.

### INTERROGATORY NO. 2

Please identify each person who assisted in preparing any of the answers to these interrogatories.

### INTERROGATORY NO. 3

Please identify the following information regarding your employment with the Defendants:

a. Date of hire;

b. Date of termination, if applicable;

c. Reason for termination of employment, if applicable;

d. Job title;

e. Whether you signed a written employment contract;

f. Whether you were a member of a collective bargaining unit before, during, or after your employment with the Defendants;

### INTERROGATORY NO. 4

Please provide the following information regarding the location of the start of your work day:

a. Whether you reported to work in the morning at a job site or at the Defendants' shop;

b. How often you reported to the Defendants' shop in the morning, if applicable:

    - if it varied, how many times per week;

c. Who instructed you to report to the Defendants' shop or a job site in the morning;

d. In what manner were you informed to report to a job site or to the Defendants' shop;

4

INTERROGATORY NO. 5

Please provide the following information regarding the number of hours you worked for the Defendants:

   a. Per day;

   b. Per week;

   c. Whether your hours varied daily;

   d. Whether your hours varied weekly;

   e. Whether you kept a contemporaneous log of your hours worked on a daily or weekly basis.

INTERROGATORY NO. 6

Please provide the following information regarding the time that you worked for the Defendants:

   a. If you reported directly to a job site, what time did you arrive;

   b. If you reported directly to a job site, what time did you leave;

   c. If you reported to the Defendants' shop in the morning, what time did you arrive;

   d. If you reported to the Defendants' shop in the morning, what time would you leave for a job site;

   e. Did the time you arrived at or left a job site vary depending on whether you reported to the Defendant's shop in the morning;

   f. If you answered "yes," to Interrogatory 6(e) above, how many hours less or more did you work at the job site as opposed to when you reported directly to the job site;

   g. Whether you returned to the Defendants' shop after working at a job site that same day;

    h. If you returned to the Defendants' shop after working at a job site, what time would you leave the job site;

    i. If you returned to the Defendants' shop after working at a job site, what time would you arrive back at the Defendant's shop;

    j. If you returned to the Defendants' shop after working at a job site, what time would you leave for the day.

## INTERROGATORY NO. 7

Please provide the following information regarding your rate of pay:

    a. What was your hourly rate of pay when you started your employment;

    b. Whether you received any raises during the course of your employment and, if so, dates of said raises;

    c. If you received a raise, what was your increased rate of pay;

    d. Whether your performed any prevailing wage or Davis-Bacon work;

    e. Whether you were paid your wages weekly or bi-weekly;

    f. Whether you received your wages by check or direct deposit;

    g. Whether the Defendants provided you with a pay stub with your pay check or direct deposit;

## INTERROGATORY NO. 8

Please provide the following information regarding supervision of your work:

    a. Name and title of your supervisor;

    b. If you reported to the Defendants' shop in the morning, to whom did you report to there;

c. If you reported to the Defendants' shop in the morning, who instructed you what to do while there;

d. What were you instructed to do when you arrived at the Defendant's shop;

e. If you reported to the Defendants' shop in the morning, who instructed you to depart for a job site;

f. Who supervised you at the job site;

g. If you returned to the Defendants' shop after working at a job site, who instructed you to leave the job site;

h. If you returned to the Defendants' shop after working at a job site, who instructed you what to do while back at the Defendants' shop;

i. If you returned to the Defendants' shop after working at a job site, who instructed you when you were allowed to go home;

## INTERROGATORY NO. 9

Please provide the following information regarding transportation:

a. If you reported directly to a job site, how did you get there;

b. If you reported to the Defendants' shop in the morning, how did you get there;

c. If you reported to the Defendants' shop in the morning, did you go there to get a ride to a job site or because you were instructed to report to the Defendants' shop;

d. If you reported to the Defendants' shop in the morning to get a ride, how often did that occur;

   i. How many times per week;

   ii. How many weeks per year;

   iii. Please identify the dates;

   e. If you reported to the Defendants' shop in the morning, how did you get to the job site;

   f. If you reported to the Defendant's shop in the morning, was there a set time that trucks would leave to go to a job site;

   g. Did you personally ever drive the Defendants' motor vehicles or trucks from the shop to the job site;

   h. If you did not personally drive the Defendants' motor vehicles or trucks from the shop to the job site, who did drive you;

   i. If you received a ride from the Defendants' shop to the job site, who else traveled with you as a passenger;

   j. Did you ever drive your personal vehicle from the Defendants' shop to the job site.

## INTERROGATORY NO. 10

Please provide the following information regarding job duties:

   a. If you reported to the Defendants' shop in the morning, did you ever perform work there prior to your departure to a job site;

   b. If you reported to the Defendants' shop in the morning in order to perform work, how often did that occur:

      i. How many times per week;

      ii. How many weeks per year;

      iii. Identify the dates.

c. If you reported to the Defendants' shop in the morning and performed work there, describe your job tasks and how long it took you to perform them;

d. If you reported to the Defendants' shop in the morning, who else was there with you;

    e. If you reported to the Defendants' shop in the morning, and other people were there, what were they doing ;

    f. What job tasks did you perform at a job site;

    g. If you returned to the Defendants' shop after working at a job site, did you ever perform work there;

    h. If you returned to the Defendants' shop after working at a job site, what kind of work did you perform there;

    i. If you returned to the Defendants' shop after working at a job site, which other employees were with you;

## INTERROGATORY NO. 11

Please provide the following information regarding reporting hours worked:

    a. Name of person to whom you reported your hours worked;

    b. Identify the manner in which you reported your hours worked;

    c. Identify whether you punched into a time clock and if so, at what location;

    d. Identify whether you signed a sign-in sheet and if so, at what location;

    e. Identify whether you signed a sign-out sheet and if so, at what location;

    f. If you filled out a time sheet, did you list all of your hours worked;

    g. If you filled out a time sheet and did not list all of your hours worked, why did you not list them;

    h. If someone told you not to list all of your hours worked on your time sheet, who was that person.

## INTERROGATORY NO. 12

Please provide the following information regarding the task of restocking trucks:

    a. Whether the trucks were restocked when you arrived at work;

    b. Who worked in the Defendants' shop overnight restocking the trucks;

    c. Whether you ever worked overnight restocking trucks;

    d. Whether you restocked trucks in the morning at the Defendants' shop;

    e. Whether you restocked trucks in the afternoon at the Defendants' shop.

## INTERROGATORY NO. 13

Please provide the following information regarding overtime:

    a. Whether you worked more than forty hours in any given week;

    b. How often did you work more than forty hours in any given week;

    c. Please identify by date which weeks you worked more than forty hours;

    d. How many hours over forty did you work in any given week;

    e. Whether you were paid for all hours worked in any given week;

    f. What was your rate of pay for any hours worked over forty hours in any given week;

    g. Whether your overtime hours were paid at time and a half;

    h. Whether your overtime hours appeared on your pay stub;

    i. If you were not paid time and a half for your overtime hours, whether you reported this to the Defendants.

## INTERROGATORY 14

Please provide the following information regarding additional compensation:

    a. Were you or have you been earning additional compensation from any other entity, organization or company while you were/have been employed by the Defendants;

    b. If you answered yes to Interrogatory 14(a), please answer the following:

        i. For whom were you working?

    ii. When did you start working?

    iii. What is/was the nature of the business?

    iv. What is/was your job title?

    v. Describe your job duties.

    vi. What is/was your schedule?

    vii. How many hours per week did/do you work?

    viii. How much were/are you being paid hourly and weekly?

    ix. How much did you earn/have you earned in total?

    x. Were you paid in check or cash?

    xi. Did you report this income on your income tax filings?

    xii. Did you report this additional employment to the Defendants?

    xiii. Are you still employed?

    xiv. If you answered "no" to Interrogatory 14(b)(xvi), when did you leave that employment?

## INTERROGATORY NO. 15

Please identify each person expected to be called as an expert witness on your behalf at the trial of this action, and, with respect to each such expert, state the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

ADVANTAGE WEATHERIZATION, INC.
And JOHN KELLY,
By their attorneys,

DATED: July 17, 2013

*Miranda A. Jones*
James F. Grosso – BBO #213320
Miranda S. Jones – BBO#557803
O'Reilly, Grosso & Gross, P.C.
1661 Worcester Road, Suite 403
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655

CERTIFICATE OF SERVICE

I, Miranda S. Jones, hereby certify that on July 17, 2013, a copy of this First Set of Interrogatories was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone who is unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Miranda S. Jones
Miranda S. Jones