UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEREK AMARAL, Individually and on behalf :
of all Current and Former Similarly-Situated :
Employees of Defendants, :
    *Plaintiff,* :
     :
v. : C.A. NO. 1:12-CV-11583
     :
ADVANTAGE WEATHERIZATION, INC. :
and JOHN KELLY, :
    *Defendants* :

### PLAINTIFFS' OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO THE PLAINTIFFS

**GENERAL OBJECTIONS:**

Plaintiffs object to every Request to the extent that any requests the disclosure of information protected by the Attorney-Client Privilege or Work Product Doctrine. Plaintiff responds to these Requests without waiver of, and by preserving the following:

1. The right to object to the use of any responses, or the subject matter thereof, on any ground in any proceedings in any action (including any trials).

2. The right to object on any ground, at any time, to a demand or request for a further response to the Interrogatory or to any other Interrogatory relating to the matters contained herein.

3. The right at any time to revise, correct, add to, supplement, or clarify any answer to an Interrogatory contained herein.

Without waiving the General Objections, Plaintiffs state as follows:

**INTERROGATORY NO. 1:** Please identify yourself and also state your:
    a.     Full name;
    b.     date and place of birth;
    c.     social security number;
    d.     driver's license number and state of issuance;

1

  e. educational background; and

  f. occupation.

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 2:** Please identify each person who assisted in preparing any of the answers to these interrogatories.

**Answer:** Subject to and without waiving the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 3:** Please identify the following information regarding your employment with the Defendants:

  a. Date of hire;

  b. Date of termination, if applicable;

  c. Reason for termination of employment, if applicable;

  d. Job title;

  e. Whether you signed a written employment contract;

  f. Whether you were a member of a collective bargaining unit before, during, or after your employment with the Defendants;

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 4:** Please provide the following information regarding the location of the start of your work day:

  a. Whether you reported to work in the morning at a job site or at the Defendants' shop;

  b. How often you reported to the Defendants' shop in the morning, if applicable:

    -if it varied, how many times per week;

  c Who instructed you to report to the Defendants shop or a job site in the morning;

  d. In what manner were you informed to report to a job site or to the Defendants' shop;

Answer: Plaintiffs object on the grounds that this interrogatory is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

INTERROGATORY NO. 5: Please provide the following information regarding the number of hours you worked for the Defendants:

    a.    Per day;

    b.    Per week;

    c.    Whether your hours varied daily;

    d.    Whether your hours varied weekly;

    e.    Whether you kept a contemporaneous log of your hours worked on a daily or weekly basis.

Answer: Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and unduly burdensome. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

INTERROGATORY NO. 6: Please provide the following information regarding the time that you worked for the Defendants:

    a.    If you reported directly to a job site, what time did you arrive;

    b.    If you reported directly to a job site, what time did you leave;

    c.    If you reported to the Defendants' shop in the morning, what time did you arrive;

    d.    If you reported to the Defendants' shop in the morning, what time would you leave for a job site;

    e.    Did the time you arrived at or left a job site vary depending on whether you reported to the Defendant's shop in the morning;

    f.    If you answered "yes," to Interrogatory 6(e) above, how many hours less or more did you work at the job site as opposed to when you reported directly to the job site;

    g.    Whether you returned to the Defendants' shop after working at a job site that same day;

    h.    If you returned to the Defendants' shop after working at a job site, what time would you leave the job site;

    i.    If you returned to the, Defendants' shop after working at a job site, what time would you arrive back at the Defendant's shop;

    j.    If you returned to the Defendants' shop after working at a job site, what time would you leave for the day.

3

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and unduly burdensome. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

<u>INTERROGATORY NO. 7</u>: **Please provide the following information regarding your rate of pay:**

 a.   **What was your hourly rate of pay when you started your employment;**

 b.   **Whether you received any raises during the course of your employment and, if so, dates of said raises;**

 c   **If you received a raise, what was your increased rate of pay;**

 d.   **Whether your performed any prevailing wage or Davis-Bacon work;**

 e.   **Whether you were paid your wages weekly or bi-weekly;**

 f.   **Whether you received your wages by check or direct deposit;**

 g.   **Whether the Defendants provided you with a pay stub with your pay check or direct deposit;**

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

<u>INTERROGATORY NO. 8</u>: **Please provide the following information regarding supervision of your work:**

 a.   **Name and title of your supervisor;**

 b.   **If you reported to the Defendants' shop in the morning, to whom did you report to there;**

 c.   **If you reported to the Defendants' shop in the morning, who instructed you what to do while there;**

 d.   **What were you instructed to do when you arrived at the Defendant's shop;**

 e.   **If you reported to the Defendants' shop in the morning, who instructed you to depart for a job site;**

 f.   **Who supervised you at the job site;**

 g.   **If you returned to the Defendants' shop after working at a job site, who instructed you to leave the job site;**

 h.   **If you returned to the Defendants' shop after working at a job site, who instructed you what to do while back at the Defendants' shop;**

4

      i.     If you returned to the Defendants' shop after working at a job site, who instructed you when you were allowed to go home;

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and unduly burdensome. Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

<u>INTERROGATORY NO. 9</u>: Please provide the following information regarding transportation:

    a.     If you reported directly to a job site, how did you get there;

    b.     If you reported to the Defendants' shop in the morning, how did you get there;

    c.     If you reported to the Defendants' shop in the morning, did you go there to get a ride to a job site or because you were instructed to report to the Defendants' shop;

    d.     If you reported to the Defendants' shop in the morning to get a ride, how often did that occur;

            i. How many times per week;

            ii. How many weeks per year;

            iii Please identify the dates;

    e.     If you reported to the Defendants' shop in the morning how did you get to the job site;

    f.     If you reported to the Defendant's shop in the morning, was there a set time that trucks would leave to go to a job site;

    g.     Did you personally ever drive the Defendants' motor vehicles or trucks from the shop to the job site;

    h.     If you did not personally drive the Defendants' motor vehicles or trucks from the shop to the job site, who did drive you;

    i.     If you received a ride from the Defendants' shop to the job site who else traveled with you as a passenger;

    j.     Did you ever drive your personal vehicle from the Defendants' shop to the job site.

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and unduly burdensome. Plaintiffs further object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c). Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 10:** Please provide the following information regarding job duties:

    a. If you reported to the Defendants' shop in the morning did you ever perform work there prior to your departure to a job site;

    b. If you reported to the Defendants' shop in the morning in order to perform work, how often did that occur:

        i. How many times per week;

        ii. How many weeks per year;

        iii. Identify the dates.

    c. If you reported to the Defendants' shop in the morning and performed work there, describe your job tasks and how long it took you to perform them;

    d. If you reported to the Defendants' shop in the morning, who else was there with you;

    e. If you reported to the Defendants' shop in the morning, and other people were there, what were they doing;

    f. What job tasks did you perform at the job site;

    g. If you returned to the Defendants' shop after working at a job site, did you ever perform work there;

    h. If you returned to the Defendants' shop after working at a job site, what kind of work did you perform there;

    j. If you returned to the Defendants' shop after working at a job site, which other employees were with you;

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and unduly burdensome. Plaintiffs further object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c). Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 11:** Please provide the following information regarding reporting hours worked:

    a. Name of person to whom you reported your hours worked;

    b. Identify the manner in which you reported your hours worked;

    c. Identify whether you punched into a time clock and if so, at what location;

    d. Identify whether you signed a sign-in sheet and if so, at what location;

  e.  Identify whether you signed a sign-out sheet and if so, at what location;

  f.  If you filled out a time sheet, did you list all of your hours worked;

  g.  If you filled out a time sheet and did not list all of your hours worked, why did you not list them;

  h.  If someone told you not to list all of your hours worked on your time sheet, who was that person.

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad and vague. Plaintiffs further object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c). Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 12:** Please provide the following information regarding the task of restocking trucks:

  a.  Whether the trucks were restocked when you arrived at work;

  b.  Who worked in the Defendants' shop overnight restocking the trucks;

  c.  Whether you ever worked overnight restocking trucks;

  d.  Whether you restocked trucks in the morning at the Defendants' shop;

  e.  Whether you restocked trucks in the afternoon at the Defendants' shop.

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad and vague. Plaintiffs further object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c). Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

**INTERROGATORY NO. 13:** Please provide the following information on regarding overtime:

  a.  Whether you worked more than forty hours in any given week;

  b.  How often did you work more than forty hours in any given week;

  c.  Please identify by date which weeks you worked more than forty hours;

  d.  How many hours over forty did you work in any given week;

  e.  Whether you were paid for all hours worked in any given week;

  f.  What was your rate of pay for any hours worked over forty hours in any given week;

    g.    Whether your overtime hours were paid at time and a half;

    h.    Whether your overtime hours appeared on your pay stub;

    i.    If you were not paid time and a half for your overtime hours, whether you reported this to the Defendants.

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, and unduly burdensome. Plaintiffs further object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c). Subject to and without waiving such objections and the General Objections, Plaintiffs will update their interrogatory answers seasonably with relevant information.

<u>**INTERROGATORY 14**</u>: Please provide the following information regarding additional compensation:

    a.    Were you or have you been earning additional compensation from any other entity, organization or company while you were/have been employed by the Defendants;

    b.    If you answered yes to Interrogatory 14(a), please answer the following:

        i.    For whom were you working?

        ii.    When did you start working?

        iii.    What is the nature of the business?

        iv.    What is/was your job title?

        v.    Describe your job duties.

        vi.    What is/was your schedule?

        vii.    How many hours per week did/do you work?

        viii.    How much were/are you being paid hourly and weekly?

        ix.    How much did you earn/have you earned in total?

        x.    Were you paid in check or cash?

        xi.    Did you report this income on your income tax filings?

        xii.    Did you report this additional employment to the Defendants?

        xiii.    Are you still employed?

        xi.    If you answered "no" to Interrogatory 14(b)(xvi), when did you leave that employment?

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory on the grounds that it exceeds the

**Answer:** Plaintiffs object on the grounds that this interrogatory is overbroad, vague, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c).

**INTERROGATORY NO. 15:** Please identify each person expected to be called as an expert witness on your behalf at the trial of this action, and, with respect to each such expert, state the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**Answer:** Plaintiffs object to this interrogatory on the grounds that it exceeds the number of interrogatories and subparts allowable under Fed. R. Civ. P. 33(a)(1) and L.R. D. Mass. 26.1(c). Subject to and without waiving such objection and the General Objections, Plaintiffs do not intend to call any experts witnesses at this time, but reserve the right to supplement the answer to this interrogatory.

As to objections,

DEREK AMARAL ET AL.
By Their Attorney,

Chip Muller, Esq. (BBO # 672100)
Muller Law, LLC
155 South Main Street, Suite 101
Providence, RI 02903
(401) 256-5171 (ph)
(401) 256-5178 (fax)
chip@chipmuller.com

Dated: August 19, 2013

## CERTIFICATION

I hereby certify that on the 19th day of August, 2013, I had delivered by First Class Mail a true and correct copy of the within to:

James F. Grosso
Miranda S. Jones
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 102
Framingham, MA 01701-5400



9