**EXHIBIT 2—PROPOSED DRAFT**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DEREK AMARAL, Individually and on behalf of all Current and Former Similarly-Situated Employees of Defendants,<br>    *Plaintiff* | :<br>:<br>:<br>:<br>: | |
| v. | : | C.A. NO. 1:12-CV-11583-DPW |
| ADVANTAGE WEATHERIZATION, INC. and JOHN KELLY,<br>    *Defendants* | :<br>:<br>:<br>: | |

**PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ADVANTAGE WEATHERIZATION, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Derek Amaral, individually and on behalf of all current and former similarly-situated employees of Defendants, requests that Defendant Advantage Weatherization, Inc. produce the documents specified in this First Request for Production of Documents, no later than thirty (30) days after service, to Chip Muller, Esq., at the offices of Muller Law, LLC, 155 S. Main St., Suite 101, Providence, Rhode Island, 02903.

**GENERAL INSTRUCTIONS**

1.    Please number each document with a unique numerical identifier ("Bates number").

2.    Please specify which documents are responsive to which requests.

3.    If any document or thing herein requested was formerly in the possession, custody or control of the producing party and has been lost, destroyed or deleted, that party is requested to submit in lieu of each document a written statement which:

    a.    Describes in detail the nature of the document and its contents;

  b. Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent.

  c. Specifies the date on which the document was prepared or transmitted or both; and specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

 4. If any documents otherwise to be produced by this request are withheld, the producing party shall identify the document by stating its date, author, recipients and the reason for withholding.

 5. This request for production of documents is continuing and requires supplemental or amended answers to the extent required by Federal Rules of Civil Procedure, Rule 26(e).

## INSTRUCTIONS CONCERNING CLAIMS OF PRIVILEGE OR IMMUNITY

As to each document herein requested to be produced that You withhold on the ground of privilege or as having been prepared in anticipation of litigation, state the following information:

 a. its date;

 b. names and positions of all persons who participated in its preparation;

 c. names and positions of all persons to whom the document or a copy was addressed or who have seen the document or a copy thereof or to whom its contents have been disclosed;

 d. its subject matter; and

 e. Your grounds for non-production.

## DEFINITIONS

1.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.  When referring to documents, "to identify" means to give, to the extent known, the

   (a) type of document;

   (b) general subject matter;

   (c) date of the document; and

   (d) author(s), addressee(s), and recipient(s).

5. "Electronic Device" is any computer or computerized device used for the storage of electronic data or Communication, including, but not limited to any, computer network, server, telephone, hard drive, "thumb drive" or other desktop portable electronic storage device, cell phone, "smart phone," two-way pager, or Personal Digital Assistant ("PDA").

6. The meaning of the terms "relate to," "related to," and "relating to" shall include, but not be limited to, referring to, concerning, embodying, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, constituting, illustrating, depicting,

summarizing, mentioning, recording, evidencing, supporting, contradicting, or rebutting, either directly or by inference.

7. The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these document requests any information that might otherwise be construed as falling outside the scope of these document requests.

8. The singular is understood to encompass the plural, the plural is understood to encompass the singular.

9. "You," "Your," "Defendant," "AWI," and/or "Advantage" shall mean ADVANTAGE WEATHERIZATION, INC., or that company's present or former agent(s), servants, employees, contractors, representatives, subsidiaries, parent companies, affiliates, or any and all persons acting or purporting to act for or on its behalf.

10. "Mr. Amaral" shall mean DEREK AMARAL, or that person's present or former agents, servants, employees, representatives, contractors, guardians, or any and all persons acting or purporting to act for or on his behalf.

11. "Mr. Kelly" shall mean defendant JOHN KELLY, or that person's present or former agents, servants, employees, representatives, contractors, guardians, or any and all persons acting or purporting to act for or on his behalf.

12. "The Union" shall mean Weatherization and Residential Contruction Laborers' Local Union 7.

13. "ACI" shall mean ADVANTAGE CONSTRUCTION, INC., or that company's present or former agent(s), servants, employees, contractors, representatives, subsidiaries, parent companies, affiliates, or any and all persons acting or purporting to act for or on its behalf.

- 5 -

**DOCUMENTS REQUESTED**

**REQUEST NO. 1**

All video and photographs relating to the Defendants' defenses or the Plaintiffs' claims in this suit.

**REQUEST NO. 2**

All surveillance video from all cameras monitoring AWI's Brockton warehouse.

**REQUEST NO. 3**

All AWI truck mileage logs and any other document showing the recording of the mileage or driver of any AWI truck.

**REQUEST NO. 4**

All Documents showing who drove an AWI truck on any day or where any AWI truck was driven on any day, including, but not limited to, any pictures taken of the board in the warehouse indicating which crews were going to which jobs each day.

**REQUEST NO. 5**

Every list of vehicle drivers you provided to your insurance company(ies).

**REQUEST NO. 6**

All Documents and Communication relating to any moving violation caused by or citation issued to an AWI employee or vehicle.

**REQUEST NO. 7**

All records showing "caller ID," phone number, date and time of all text and calls to or from an AWI cell phone issued to Brian Machado, Joe Lambalot, any superintendent, or crew chief.

**REQUEST NO. 8**

All Documents and Communication relating to any vehicle accident or job-related injury suffered by any AWI worker before 8 a.m. or after 4:30 p.m. on any day an AWI worker performed work for AWI or ACI.

**REQUEST NO. 9**

All truck inspection forms ever filled out for any AWI truck.

**REQUEST NO. 10**

All faxes of work orders ever sent to AWI's Brockton warehouse via fax or received by the Brockton warehouse via fax.

**REQUEST NO. 11**

The charts showing how many bags of cellulose AWI needs for weatherizing houses based on square footage.

**REQUEST NO. 12**

All Documents and Communication concerning truck drivers' medical certifications or lack thereof.

**REQUEST NO. 13**

All Documents and Communication concerning the maintenance of AWI employees' medical certification records for driving trucks.

**REQUEST NO. 14**

All Documents showing the length, width, or volume of any AWI truck.

**REQUEST NO. 15**

All "Employee Lists" ever drafted such as the AWI document bates numbered 9186-87.

**REQUEST NO. 16**

All "AWI Employee Competency Training Lists" ever drafted such as the AWI

document bates numbered 9266.

**REQUEST NO. 17**

All written warnings or evidence of verbal warnings issued to Joe Lambalot, Brian Machado, Rick Branco, Jim Thornton, Don Houle, Bill Kelly, Joe Cosenze, Dennis Degrazia, David Hebert, Joshua Aguiar, Keith Cowen, Derek Degrazia, Blake Demelo, Valentino Ferreira, Joseph Harkins, Jeremiah Pereira, Louis Smith, Donald Baravella, Gary Brown, Derek Carvalho, Todd Carvalho, Jeffrey Collins, Markell Daise, Shayna Hancock, Darryll Hutchins, Tony Maldonado, Jason Marcy, Albert Marino, Louis Martin, Michael Medeiros, Richard Medeiros, Jeffrey Morais, Eric Murphy, Thomas O'Leary, Stephen Sampson, Michael Santos, Jason Silva, Jose Silveira, Stevie Vieira, Casey Weaver, Scott Wheeler, Gary White, and Thomas Worsley.

**REQUEST NO. 18**

All emails authored and sent by John Kelly with positive comments about Derek Amaral's work performance.

**REQUEST NO. 19**

All Documents and Communication related to any request for pay or overtime pay or related to any complaint made by any AWI employee regarding pay for hours worked, pay for overtime hours, or complaint made regarding any other work-related condition.

**REQUEST NO. 20**

All Documents and Communication related to the termination of any of the following individuals from AWI: Joshua Aguiar, Keith Cowen, Derek Degrazia, Blake Demelo, Valentino Ferreira, Joseph Harkins, Jeremiah Pereira, Louis Smith, Donald Baravella, Gary Brown, Derek Carvalho, Todd Carvalho, Jeffrey Collins, Markell Daise, Shayna Hancock, Darryll Hutchins, Tony Maldonado, Jason Marcy, Albert Marino, Louis Martin, Michael Medeiros, Richard

Medeiros, Jeffrey Morais, Eric Murphy, Thomas O'Leary, Stephen Sampson, Michael Santos, Jason Silva, Jose Silveira, Stevie Vieira, Casey Weaver, Scott Wheeler, Gary White, and Thomas Worsley.

**REQUEST NO. 21**

All Documents discussing or documenting whether any AWI employee rode in any AWI vehicle to or from a job site on any particular occasion.

**REQUEST NO. 22**

All evaluations, formal or informal, ever performed on any of the following individuals: Joe Lambalot, Brian Machado, Rick Branco, Jim Thornton, Don Houle, Bill Kelly, Joe Cosenze, Dennis Degrazia, David Hebert, Joshua Aguiar, Keith Cowen, Derek Degrazia, Blake Demelo, Valentino Ferreira, Joseph Harkins, Jeremiah Pereira, Louis Smith, Donald Baravella, Gary Brown, Derek Carvalho, Todd Carvalho, Jeffrey Collins, Markell Daise, Shayna Hancock, Darryll Hutchins, Tony Maldonado, Jason Marcy, Albert Marino, Louis Martin, Michael Medeiros, Richard Medeiros, Jeffrey Morais, Eric Murphy, Thomas O'Leary, Stephen Sampson, Michael Santos, Jason Silva, Jose Silveira, Stevie Vieira, Casey Weaver, Scott Wheeler, Gary White, and Thomas Worsley.

**REQUEST NO. 23**

All Documents with commendations or recognition of good work performance ever drafted for Joe Lambalot, Brian Machado, Rick Branco, Jim Thornton, Don Houle, Bill Kelly, Joe Cosenze, Dennis Degrazia, David Hebert, Joshua Aguiar, Keith Cowen, Derek Degrazia, Blake Demelo, Valentino, Ferreira, Joseph Harkins, Jeremiah Pereira, Louis Smith, Donald Baravella, Gary Brown, Derek Carvalho, Todd Carvalho, Jeffrey Collins, Markell Daise, Shayna Hancock, Darryll Hutchins, Tony Maldonado, Jason Marcy, Albert Marino, Louis Martin,

Michael Medeiros, Richard Medeiros, Jeffrey Morais, Eric Murphy, Thomas O'Leary, Stephen Sampson, Michael Santos, Jason Silva, Jose Silveira, Stevie Vieira, Casey Weaver, Scott Wheeler, Gary White, and Thomas Worsley.

**REQUEST NO. 24**

All Documents relating to warehouse workers' job responsibilities, including, but not limited to, all Documents showing or explaining the warehouse job description and job responsibilities of any worker ever assigned to work in the warehouse.

**REQUEST NO. 25**

All Documents supporting the tenth affirmative defense in Defendants' Amended Answer.

**REQUEST NO. 26**

All Documents You mention in Your Answers to Plaintiff's Second Set of Interrogatories to Advantage.

**REQUEST NO. 27**

All Documents You consulted or relied upon to craft any response in Your Answers to Plaintiff's Second Set of Interrogatories to Advantage.

**REQUEST NO. 28**

All Documents and instructions related to your video surveillance system including but not limited to how long your surveillance camera system retains recorded video footage.

**REQUEST NO. 29**

All Documents and Communication between any AWI salaried employee (including John Kelly) and Scott Gustafson (or any other employee of the Union), relating to any complaints by any AWI employee for pay for hours worked or lack of overtime pay, or alleged retaliation

against any AWI employee by AWI.

**REQUEST NO. 30**

All Documents and Communication sent to or received by Scott Gustafson or any other Union employee relating to the payment or nonpayment of wages or overtime to weatherization workers or crew chiefs.

**REQUEST NO. 31**

Personnel files for Eileen Harkins, Joe Lambalot, Brian Machado, Rick Branco, Jim Thornton, Don Houle, Bill Kelly, Joe Cosenze, Dennis Degrazia, David Hebert, Joshua Aguiar, Keith Cowen, Derek Degrazia, Blake Demelo, Valentino Ferreira, Joseph Harkins, Jeremiah Pereira, Louis Smith, Todd Carvalho, Markell Daise, Jason Marcy, Albert Marino, Richard Medeiros, and Jeffrey Morais.

**REQUEST NO. 32**

Personnel files for all other AWI employees paid on an hourly basis or all AWI employees not exempt from the overtime requirements of the Fair Labor Standards Act.

        Respectfully,
        DEREK AMARAL
        By His Attorney,

        /s/ Chip Muller
        Chip Muller, Esq. (BBO # 672100)
        Muller Law, LLC
        155 South Main Street, Suite 101
        Providence, RI 02903
        (401) 256-5171 (ph)
        (401) 256-5178 (fax)
        chip@chipmuller.com

Dated: November ____, 2013

## CERTIFICATION

I hereby certify that on this November____, 2013, a copy of this document was served via First Class Mail upon Defendants' counsel of record:

James F. Grosso, Esq.
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 102
Framingham, MA 01701-5400

/s/ Chip Muller