UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK AMARAL, Individually and on behalf of all Current and Former Similarly-Situated Employees of Defendants <br><br> Plaintiff <br><br> V. <br><br> ADVANTAGE WEATHERIZATION, INC. And JOHN KELLY <br><br> Defendants | C.A. NO. 1:12-CV-11583-DPW |

## DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS

Now come the Defendants in the above-entitled matter and pursuant to Fed. R. Civ. P. 12(b)(6), 26(g)(2), 33(b), 37(b)(2)(A)(v), 29 U.S.C. §216(b), and 16 C.F.R 1025.37, move to dismiss the following Plaintiffs from this civil action: Bruno Baptista, Richard DiMare, Edward Hood, Janie Little, Allan Moyers, Shane O'Neill, Brandon Yow, Gary White and Richard Medeiros. In support thereof, the Defendants state the following:

### FACTS:

1. This is a collective civil action with over 30 opt-in Plaintiffs.

2. On July 17, 2013, Defendants served Interrogatories on the Plaintiffs.

3. On August 8, 2013, counsel for the Plaintiffs contacted counsel for the Defendants' requesting a two-month extension of time to file the Answers to Interrogatories.

4. On August 19, 2013, the Plaintiffs' filed their Motion for an Extension of Time to Respond to the Defendants' First Set of Interrogatories by October 18, 2013.

5. On August 21, 2013, the Defendants received the Plaintiffs' Objections to Defendants' First Set of Interrogatories. The Plaintiffs' objected to and failed to answer each of the fifteen interrogatories. (Attached as Exhibit A).

6. On August 22, 2013, the Defendants filed their Opposition to the Plaintiffs' Motion for An Extension of Time to Respond to the Defendants' First Set of Interrogatories.

7. Counsel for the Plaintiffs and Defendants engaged in substantial Rule 37 discussions via telephone on August 29, 2013, September 9, 2013, and September 11, 2013, as well as conferenced these issues in various email discussions.

8. On October 17, 2013, the Court allowed the Plaintiffs' to file their Answers to Interrogatories by October 18, 2013.

9. On October 18, 2013, Plaintiffs notified the Defendants via email that they were not prepared to meet *their requested* new deadline because they were unable to locate certain plaintiffs and additional plaintiffs were non-responsive; consequently Plaintiffs requested the Defendants' assent to a further extension of time to file their Answers.

10. On October 18, 2013, Defendants responded to the Plaintiffs request by requesting additional information about the status of the non-responding Plaintiff's in this class-action lawsuit in order for Defendants to make a more educated decision prior to assenting to an extension. Specifically, the Defendants requested:

> "I find it strange that by the deadline you requested, you don't have even draft answers. Before we agree to more time, we need to know how many Plaintiffs will be responding by any extended date. We also will demand that those from whom no answers are received be dismissed."

11. On October 22, 2013, Defendants sent Plaintiffs a follow-up email requesting the Plaintiffs respond to Defendants' October 18, 2013 email prior to Defendants agreeing to assent to the Plaintiffs' request for an extension of time to file their Answers. Specifically, the Defendants stated:

> "You requested more time to respond to our interrogatories after missing your own requested deadline of October 18th. I responded with two questions: How many Plaintiffs will be responding to the discovery? and Will you agree to dismiss those who do not respond? I have received no response to either question. If you do not respond by noon tomorrow, I will have no choice but to file a Motion to Compel."

12. On October 25, 2013, Plaintiffs emailed the Defendants with some of the information requested but further requesting that the Defendants agree to not require the dismissal of certain non-responsive Plaintiffs from the law suit. Specifically, the Plaintiffs responded:

> "Forgive my delay in responding. As you know, we have been working assiduously to secure answers to your voluminous interrogatories. We are almost ready to serve answers to Defendants' interrogatories for 15 Opt-in Plaintiffs. We hope to be able to get answers to plaintiffs to sign in about a week, and just need to edit and turn them around for signatures and notarization. That is a bit of a cumbersome process for these guys and will take some time. Paperwork is not their favorite thing. I think realistically it will take two to three weeks to complete all of these 15 answers and get them to you.
>
> Three plaintiffs (Jason Marcy, Tom O'leary, and Scott Wheeler) have been deposed by you and you agreed we did not need to produce Interrogatory Responses to Plaintiffs whom you had the opportunity to depose. Further, we hope to have a date for depositions of two additional plaintiffs (Daryll Hutchins and Thomas Worsely) by next week – or, in lieu of depositions, could have interrogatory responses completed for these two plaintiffs to send you along with the other 15 answers.
>
> Two plaintiffs (Richard Medeiros, and Jeffrey Morais) have not yet responded to our recent efforts at contact. Even though they do not have large claims, we would like more time to get in touch with them.
>
> 6 Opt-in Plaintiffs (Bruno Baptista, Richard Dimare Jr.; Janie Little; Allan Moyers, Shane O'Neill, and Brandon Yow) appear to be not similarly situated to Mr. Amaral. We would agree to dismiss them at Opt-ins (or not oppose your motion to have them dismissed) when we file our Motion for Class Certification if you do not require us to dismiss the two non-responsive plaintiffs above at this time (without waiver of any rights to take action in the future).
>
> One Opt-in Plaintiff, Edward Hood, is similarly situated, but does not have a substantial claim and can be dismissed."

13. On October 25, 2013, Defendants notified the Plaintiffs that they would file a Motion to Compel and request the dismissal of the non-responsive Plaintiffs.

14. On October 28, 2013, the Plaintiffs filed their Second Motion for an Extension of Time to Respond to Defendant's First Set of Interrogatories in which the Plaintiffs requested an extension until <u>November 22, 2013</u>.

15. On November 8, 2013, this Court allowed the Plaintiffs' Second Motion for Extension of Time to Respond to the Defendants' First Set of Interrogatories until <u>November 22, 2013</u>, *with no further extensions*.

16. On November 25, 2013, the Defendants received signed answers to interrogatories from the following plaintiffs: Derek Carvalho, Donald Baravella, Darryll Hutchins, Todd Carvalho, Stevie Vieira, Stephen Sampson, Eric Murphy, Albert Marino, Louis Martin III, Tony Maldonado, Casey Weaver, Thomas Worsley, and Jeffrey Morais.

17. On November 25, 2013, the Defendants received unsigned Answers to Interrogatories from plaintiffs Gary Brown, Shayna Hancock and Gary White.

18. On November 25, 2013, the Defendants received signed Answers to Interrogatories from Markell Daise.

19. On November 25, 2013, the Defendants were informed that there were no responses to interrogatories from the following plaintiffs: Bruno Baptista, Richard DiMare, Edward Hood, Janie Little, Allan Moyers, Shane O'Neill or Brandon Yow, because they were not employees who were similarly situated to Plaintiff Derek Amaral.

20. On November 26, 2013, the Defendants received signed Answers to Interrogatories from Michael Medeiros.

21. On December 2, 2013, the Defendants received signed Answers to Interrogatories from Shayna Hancock and Gary Brown.

## ARGUMENT

The Defendants move that this Court dismiss certain Plaintiffs because they are either not similarly situated and/or they have failed to comply with discovery. Regarding Plaintiffs Bruno Baptista, Richard DiMare, Edward Hood, Janie Little, Allan Moyers, Shane O'Neill or Brandon Yow, the Plaintiffs concede that in accordance with 29 U.S.C. §216(b), these Plaintiffs are not similarly situated as the lead Plaintiff, Derek Amaral. Consequently, as a matter of law, they should be dismissed. Additionally, these Plaintiffs have failed to comply

with the rules of discovery by failing to answer Interrogatories. Consequently, the Court should dismiss these seven Plaintiffs pursuant to Fed.R.Civ.P. 12(b)(6), 33(b), and 37(b)(2)(A)(v). The district judge has considerable discretion to determine the appropriate sanction for a party's deliberate noncompliance with the court's discovery orders. Rankin v. Liberty Mut. Ins. Co., 1999 U.S. App. LEXIX 6150 (1st. Cir. N.H. March 27, 1995); *Barreto v. Citibank, N.A.*, 907 F.2d 15, 17 (1st Cir. 1990); *see also National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642 (1976). Rule 37(b), gives the district court a "veritable arsenal of **sanctions" for failure to comply with discovery** orders. *Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. P.R. 2011), quoting *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 44 (1st Cir. 2007).

Regarding Plaintiff Gary White, he has failed to provide signed Answers to Interrogatories as required by the rules of discovery. See Fed.R.Civ.P. 26(g)(2), 33(b), 37(b)(2)(A)(v). The defendants submitted the interrogatories on July 17, 2013, to all Plaintiffs. The plaintiffs requested two separate extensions to respond which this Court allowed. The Plaintiffs failed to meet their self-imposed deadlines. Moreover, this Court ruled that there were no further extensions after November 22, 2013. It is now December 9, 2013, and the plaintiff Gary White has failed to file signed Interrogatories. Consequently, his cause of action should be dismissed due to his willful failure to comply with the rules of discovery.

Regarding the Plaintiff Richard Medeiros, in its transmittal to the Defendants, see Exhibit A, the Plaintiffs state that Mr. Medeiros has moved and they have not been able to contact him. The plaintiffs argue that if the Defendants produce Mr. Medeiros' personnel file, they hope there will be additional contact information. The Defendants will provide Mr.

5

Medeiros's personnel file, but their reliance on the production of these documents is misplaced. There is no further contact information contained therein because Mr. Medeiros left the Defendant's employment on January 26, 2011. Plaintiff Richard Medeiros filed his Notice of Consent on May 29, 2013. The Plaintiffs' counsel, therefore, have clearly been in more recent contact with Mr. Medeiros than the Defendants. The Plaintiffs simply cannot find Mr. Medeiros. His cause of action should be dismissed due to his failure to answer the Interrogatories and comply with the rules of discovery.

## CONCLUSION

The Defendants' Motion to Dismiss Plaintiffs Bruno Baptista, Richard DiMare, Edward Hood, Janie Little, Allan Moyers, Shane O'Neill, Brandon Yow, Gary White, and Richard Medeiros.

                                                ADVANTAGE WEATHERIZATION, INC.
AND JOHN KELLY
By their attorney,

DATED: December 11, 2013               /s/ *Miranda S. Jones*
                                                  Miranda S. Jones – BBO 557803
James F. Grosso - BBO213320
O'Reilly, Grosso & Gross, P.C.
1661 Worcester Road, Suite 403
Framingham, MA 01701-5400
Tel: 508/620-0055
mjones@ogglaw.com

## CERTIFICATE OF SERVICE

I, Miranda S. Jones, hereby certify that on December 11, 2013, a copy of the Defendants' Motion to Dismiss Certain Plaintiffs was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone

unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*Miranda S. Jones*
Miranda S. Jones