# EXHIBIT F

Advantage Weatherization Case ID: 1627666

| | |
|---|---|
| Advantage Weatherization, Inc.<br>Advantage Weatherization<br>1150 West Chestnut St., Ste 3<br>Brockton, MA 02301 | File No.: 2011-133-04488<br>WHISARD No.: 1627666<br>EIN: 27-2049440<br>S.I.P.: 9/6/2009 thru 9/3/2011 |

I. Coverage

The above named firm is headquartered in Brockton, Massachusetts. They are primarily engaged in the installation of weather proofing materials in both newly constructed facilities and in existing structures, including commercial and residential buildings. The firm was established in March of 2010 as for-profit corporation in the Commonwealth of Massachusetts and is incorporated under the General Laws of the Commonwealth.

The firm is engaged in work funded by grants authorized by the American Reinvestment and Recovery Act of 2009. However, the firm's employees, who are represented by the Weatherization and Residential Construction Laborer's Union, are paid at rates far exceeding those called for by the Davis-Bacon and Related Acts enforced by the Division. Thus, there were no prevailing wage violations asserted

Advantage Weatherization Case ID: 1627666

For the purposes of §3(d) of The Act, the employer is firm President John Kelly. Mr. Kelly is authorized to negotiate on behalf of the firm and has represented the firm throughout the investigation, with the assistance of his lawyer, James Grosso. Mr. Kelly is authorized to commit the firm to financial obligations and has authority to assure compliance with the Fair Labor Standards Act, and to represent the firm to The Division.

A search in WHISARD did not disclose a prior history with WHD.

Having opened in 2010, the firm's ADV is:

2010:

2011:

Because the ADV is met, and the firm is involved in installing products made in other states, as well as involved in receiving such goods at its warehouse, Enterprise Coverage is asserted under §3(s)(1)(A) of the Fair Labor Standards Act of 1938.

The Statutory Investigative Period as listed above is 9/6/2009 thru 9/3/2011.

Advantage Weatherization Case ID: 1627666

IV. Exemptions

| Name | Occupation | Salary | Exemption | Exemption Status | Exhibit No. |
|---|---|---|---|---|---|
| | | $72,800.00 | 541.200 | Granted | B-1 |
| | | $65,000.00 | 541.200 | Granted | B-5 |
| | | $55,000.00 | 541.200 | Granted | B-11 |
| | | $36,000.00 | 541.200 | Denied | B-12 |

The exemptions taken under 29 C.F.R. § 541.200 as they apply to Administrative Employees were found to be valid, with the exception of the exemption taken on
are sufficiently involved in making significant decisions that impact the company without managerial oversight that they are validly exempt under 541.200.          is involved in negotiating with benefit providers and setting H.R. policies, as well as pre-screening new hires that her exemption is valid as well.

The exemption on        has no foundation in either The Act or the Enforcement Regulations. However, since by her interview she never works over 40 hours, there was no monetary violation on her (see Ex. B-12). The remaining employees listed above were found to be validly exempt under the Administrative exemption.

VI. Status of Compliance:

Advantage Weatherization Case ID: 1627666

### A. §6 Minimum Wage

The lowest hourly rate paid to employees working in the field was $17.00 per hour. This exceeded the minimum wage, as well as the prevailing wage for Weatherization workers. Thus, there were no violations of §6 (see Exs. A-0, A-0(a)).

### B. §7 Overtime

The firm failed to pay overtime as required under §7 of The Act. Specifically, there was no overtime paid for pre and post shift work performed by employees at the warehouse. Employees were instructed to report to the warehouse and load trucks prior to the shift and were required to unload trucks at the end of the shift. The employees were only permitted to put hours on their time sheets for hours actually worked on the job site. Thus, while there were no violations of the Davis-Bacon or Related Acts as employees were paid in excess of the appropriate rates for prevailing wage work, the employees were not paid for pre and post tour work and thus are owed time and a half for all hours worked in each pay week they worked for the firm.

Employees were instructed not to put any hours on their time sheets other than the actual hours worked on each job site (See Ex. B-7).

The firm's position throughout the investigation was that they had issued a companywide memorandum dated September 17, 2010 and it defined the obligation of employees insofar as

Advantage Weatherization Case ID: 1627666

reporting to work was concerned (Ex. D-2). The firm contends that because the language of the memo in paragraph 3 is reliant upon regulations enforced by The Division and found at 29 C.F.R. 785.34. However, a close comparison demonstrates that this is not so. The language in the memo at paragraph 3 encourages employees to report to the warehouse to ride the truck, ostensibly to "save gas" (ex. D-2). However, it also makes it incumbent on each employee to call the warehouse by 7:00AM each morning for an assignment. Employees failing to do so may be penalized by losing the opportunity to work that day.

Thus, because the memo does not provide options and in fact essentially forces employees to begin working at 7:00 by instructing them to call in for assignments, it is in effect telling employees to report for work at 7:00AM.

Also, the employer has a permanent notice in the office at the warehouse where employees report to work, informing employees that the trucks leave at 6:45AM and any employee who is not there will lose their ride to the job site (see photographic exhibit D-1).

The employer contended that they felt that they had interpreted the enforcement position of The Division properly and that the memo was clear in that it left employees the option of either reporting to work solely to ride on the truck, or drive directly from home to the job.

**Computational Method**

Advantage Weatherization Case ID: 1627666

Because the firm did not differentiate between time travelled to and from the job site to the warehouse and time spent on the job site, there are no differentiating rates to consider for the overtime computation. This is also applicable insofar as the applicable overtime rate is concerned.

Because records were inaccurate, it became necessary to reconstruct hours worked through the interview process. After consulting with WHD management, WH-42 mail interviews were sent out to all employees who worked for the firm during the Statutory Investigative period.

Upon receipt of the interviews, and in addition to the oral interviews taken, a spread sheet was compiled in order to determine the amount of back wages due (see Ex. A-1).

The 20 employees who responded were averaged 9 hours of overtime for the S.I.P. Averaging was necessary because:

1. Only 11 employees responded via mail and
2. The remaining 9 employees were employees who did not receive their WH-42s because of addresses that were no longer valid (See E Exs.).

Thus, the average amount of overtime worked, derived from interview statements, and was 9 hours per week per employee.

Because no employee was paid for any pre or post shift work, the computation for the unpaid hours was done at the full time and a half rate. Thus, the formula for the computation was as

Advantage Weatherization Case ID: 1627666

follows:

Uncompensated OT hours worked * (hourly rate * 1.5) = O.T. due per week

As a result of the computations, findings were derived for 20 employees. The total for all 20 employees was $146,529.14 (see Ex. A-1).

### C. §11 Record Keeping

While the firm kept accurate records of hours worked on job sites, they failed to keep accurate track of hours worked pre and post tour. The firm is thus in violation of §11 of The Act, because they did not keep accurate records insofar as that overtime for which computations were made is concerned (See Ex. A-1, Ex D-3.).

### D. §12 Child Labor

Because the firm will not hire anyone under 18 due to insurance regulations, there are no violations of §12.

### Disposition

A final conference was held with the firm representative John Kelly and Attorney James Grosso of the firm O'Reilly, Grosso, and Gross on May 29, 2012 at the firm's headquarters. Representing the Wage and

Advantage Weatherization Case ID: 1627666

Hour Division was Investigator

The firm was reminded that the Division was extremely patient and did as thorough an investigation as possible to ensure the firm would be paying only back wages that were actually owed. Moreover, the firm delayed the investigation on several occasions by wanting to talk to their attorney before returning calls to the Investigator.

The firm and their attorney maintained that they had not breached their obligations in spite of the majority of employees stating they understood they were required to report to the warehouse each morning. It's the firm's contention that the employees want to report to the warehouse for a "free ride" to the job site.

The firm stated they would refuse to pay any back wages and the firm's attorney stated he wanted to see how the Solicitor of Labor would view this case.

The employer thus refuses to comply and pay back wages. The employer further stated that they will not be changing any of their practices because in their opinion, they never violated any of the regulations enforced by The Division.

After the final conference, the employer stated over the telephone that if the Department could reduce the back wages to under $100,000.00, they would be willing to settle the case, with no admission of violating The Act. However, when this was in fact offered to them, they changed their mind and stated they wanted to take their chances with the Solicitor per the advice of Attorney Grosso.

Recommendations:

Advantage Weatherization Case ID: 1627666

X_____    5/31/2012