# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEREK AMARAL, Individually and
on behalf of all Current and former
similarly-situated employees of Defendants
*Plaintiffs*,

v.                                              C.A. No. 1:12-CV-11583

ADVANTAGE WEATHERIZATION, INC.,
and JOHN KELLY,
*Defendants*.

## AFFIDAVIT OF CHIP MULLER, ESQ.

I, Chip Muller, being duly sworn, depose and state as follows:

1. I am the attorney of record for Plaintiffs in this case and have personal knowledge of the facts to which I attest below.

2. Since late winter, 2013, Plaintiffs have been trying to secure information from Defendants regarding their assets.

3. On March 5, 2013, Plaintiffs served interrogatories to Defendants requesting financial information including the identity of all Defendants' assets over $1,000 in value.

4. Defendants refused to provide the information in an objection dated May 22, 2013.

5. On March 5, 2013, Plaintiffs requested that Advantage Weatherization provide certain balance sheets, profit and loss statements, and other documentation of assets. Plaintiffs requested that Defendant Kelly provide documentation of assets. Both Defendants refused those requests, too, in objections filed on May 6, 2013.

6. Plaintiffs informed Defendants of their intention to file a motion to compel Defendants' asset information if they would not produce them voluntarily. Defendants verbally agreed to produce all the financial information Plaintiffs requested as soon as the parties could agree on a draft Protective Order for this Court to enter. On September 11, 2013, Plaintiffs presented Defendants with their proposed edits to the Protective Order, which Defendants accepted in full—but it took Defendants until October 30, 2013, to file their motion for a protective order, which this Court entered on November 7, 2013 [Dkt. #79].

7. Plaintiffs made another request for Defendants' financial information to be produced on November 21, 2013.

8. Defendants told Plaintiffs to "[r]elax" in response and promised to provide Defendants' asset and financial information to Plaintiffs the week of November 25, 2013. Defendants did not provide Defendants' any such information.

9. On December 20, 2013, Defendants verbally promised to produce Defendants' asset information "in a few days." Plaintiffs emailed Defendants on December 21, 2013, asking for clarification of when the information would actually be produced. Defendants did not respond to Plaintiffs' email.

10. Plaintiffs have been trying to schedule Defendant Kelly's deposition for over a half year.

11. On May 2, 2013, Plaintiffs sent notice that the deposition of John Kelly would occur on June 11, 2013. Mr. Kelly's deposition was postponed pending agreement on the draft Protective Order.

12. On October 25, 2013, Plaintiffs emailed Defendants to request that we schedule Defendant Kelly's deposition on November 18 or 25. Defendants did not respond to that email.

13. On November 15, 2013, Plaintiffs again asked Defendants to provide deposition dates. Defendants responded that "John Kelly is still looking at his schedule."

14. On November 21, 2013, Plaintiffs asked for a date in December Defendant Kelly would be available for a deposition. Defendants refused to let Defendant Kelly available for a deposition in 2013.

15. Defendants finally scheduled Mr. Kelly's deposition for January 14, 2014, just two weeks before the close of fact discovery.

16. The documents constituting exhibits to the Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend are true and accurate copies of documents produced by Defendants or found in publicly available databases.

_____
Chip Muller, Esq.

STATE OF RHODE ISLAND
Providence, Sc.

Sworn and subscribed before me at Providence, RI on December 27, 2013.

_____
JEFFREY D LUNDGREN
Notary Public

Commission Expires 8/26/2017

3