# EXHIBIT A

## STIPULATION AND SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED AND AGREED by and between DEREK AMARAL ("Class Representative"), on behalf of himself and all others similarly situated, on the one hand; and ADVANTAGE WEATHERIZATION, INC. and JOHN KELLY (together, "Defendants"), on the other hand, as set forth below:

## I.   THE CONDITIONAL NATURE OF THIS AGREEMENT

This Stipulation and Settlement Agreement and all associated exhibits or attachments ("Agreement") is made for the sole purpose of settling and compromising disputed claims made on a collective and class-wide basis in the Litigation identified below. The parties have entered into this Agreement on a conditional basis because preliminary review and final approval by the Court is required due to the class action nature of this Litigation. In the event that the Court does not enter an Order granting final approval of the Agreement, or in the event that the associated judgment does not become a final judgment for any reason, this Agreement (except for Sections relating to actions to be taken if the Settlement Effective Date does not occur) shall be deemed null and void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever. Further, if this Agreement is deemed void or the Settlement Effective Date does not occur, the Class Representative reserves all rights to prosecute all claims and allegations in the Litigation and Defendants reserve all rights to challenge all such claims and allegations in the Litigation.

## II.   THE LITIGATION

On August 23, 2012, Plaintiff Derek Amaral commenced a proposed class and collective action against Defendants in the United States District Court for the District of Massachusetts, captioned *Amaral v. Advantage Weatherization, Inc. and John Kelly,* Case No. 1:12-cv-11583-DPW (the "Litigation"). The Complaint in the Litigation sets forth, *inter alia,* a collective action claim under the Fair Labor Standards Act and a class action claim under Massachusetts law for an alleged failure to pay wages, including overtime wages, on behalf of the Plaintiff and all other similarly situated employees. On January 17, 2013, the Court conditionally certified a collective action class and approved the mailing of a notice and consent to join form, with a deadline of June 14, 2013, for collective action class members to file their consent to join forms to opt-in to the Litigation.

## III.   BENEFIT OF SETTLEMENT AGREEMENT

Defendants deny all of the claims asserted in the Litigation. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive and involve uncertainty and risk, and it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement. Defendants have therefore determined that it is desirable and beneficial for them to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

The Class Representative and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports their claims. However, the Class Representative and Class Counsel recognize and acknowledge the expense and

1

length of time of the type of continued proceedings necessary to prosecute the Litigation through trial and through appeals and the uncertain outcome, risk, difficulties, and delays inherent in all litigation. Further, Defendant Advantage Weatherization has few, if any assets, and is no longer an ongoing concern, making recovery of the full value of Plaintiffs' claims unlikely. Based upon their evaluation, the Class Representative and Class Counsel have determined that the Settlement set forth in the Agreement is in the best interests of the Class Representative and the Settlement Class.

## IV. TERMS OF STIPULATION AND AGREEMENT

### A. DEFINITIONS

1. Action means the Litigation commenced by DEREK AMARAL, individually and on behalf of all current and former similarly situated employees of Defendants v. ADVANTAGE WEATHERIZATION, INC. and JOHN KELLY, Civil Action No. 12-cv-11583, U.S. District Court for the District of Massachusetts.

2. Administrative Costs means the amount to be paid to the Claims Administrator for administering the settlement. Except as otherwise set forth in this Agreement, the Administrative Costs will be paid out of the Settlement Fund after the Settlement Effective Date if approved by the Court.

3. Allocation Formula means the form and methodology for calculating the distribution of the Initial Net Settlement Fund among the Class Members and the distribution of the Revised Net Settlement Fund and the Net Settlement Fund among the Consenting Settlement Class Members, as more specifically set forth in Section IV.E.6 of this Agreement.

4. Average Pay Rate means the average between the first hourly pay rate and last hourly pay rate of each Class Member during such Class Member's employment in a Covered Position during the Covered Period.

5. AWI means Defendant Advantage Weatherization, Inc.

6. Claims Administrator means the third-party claims administration firm selected by Class Counsel in good faith after conferring with counsel for Defendants.

7. Class Counsel means Chip Muller, Esq., of Muller Law, LLC.

8. Class Member(s) means: (i) the Collective Action Members and (ii) Rule 23 Class Action Members.

9. Class Representative or Named Plaintiff means Derek Amaral.

10. Class Service Members means the eighteen (18) Class Members who responded to Defendants' Requests for Answers to Interrogatories and the seven (7) Class Members who, in addition to the Class Representative, testified at depositions in response to

Defendants' Notice of Deposition or a Notice of *De Bene Esse* Deposition, but excluding the Class Representative.

11. Collective Action Members means every person who was employed by AWI for two work weeks or more during the Covered Period in a Covered Position and who filed a consent-to-join form to opt-in to the FLSA action.

12. Consent Form(s) means the Consent to Join Settlement and Release of Claims Form in the form of Form 1-A attached to the Notice (Exhibit 1 hereto), as approved by Class Counsel and Defendants, subject to Court approval, or such similar form in the form approved by the Court, which a Class Member must complete in full and timely submit in order to become a Consenting Settlement Class Member and recover a portion of the Settlement Fund.

13. Consenting Settlement Class Member(s) means each Class Member who timely files a properly completed Consent Form in accordance with this Agreement.

14. Court means the U.S. District Court for the District of Massachusetts.

15. Covered Period means February 1, 2010, to February 13, 2014.

16. Covered Position(s) means the positions held by non-exempt hourly employees of Defendants who worked as residential weatherization laborers, weatherization workers, door and window installers, crew chiefs, energy installers, field employees, or other similar positions, but excluding hourly employees employed exclusively as residential assistants, furnace installers, and warehouse workers.

17. Defendants means AWI and John Kelly.

18. Early Opt-Ins means the Named Plaintiff and the 29 other Class Members who filed Consent-To-Join Forms in the Action under 29 U.S.C. §216(b) prior to June 15, 2013, but does not include the Ineligible Opt-Ins.

19. Employer Payroll Taxes means the employer's share of all applicable payroll taxes on the portion of the Individual Settlement Payments treated as wages according to the Agreement.

20. Final Approval Order means an order to be executed and filed by the Court approving the terms contained in this Agreement.

21. Ineligible Opt-Ins means the three individuals (Janie Little, Edward Hood, and Shane O'Neill) who filed Consent-to-Join Forms with the Court to opt-in to the Action under 29 U.S.C. §216(b) prior to June 15, 2013, but who did not work in a Covered Position for two weeks or more during the Covered Period.

22. Individual Settlement Payment means the payment from the Settlement Fund to each Consenting Settlement Class Member.

23. Initial Individual Allocation means the monetary amount which each Class Member would receive from an allocation of the Initial Net Settlement Amount based on the Allocation Formula if all Class Members were Consenting Settlement Class Members.

24. Initial Net Settlement Amount means $500,000.00 less the Initial Reserve and less estimated Class Counsel attorneys' fees and costs, estimated Administrative Costs, and proposed Service Payments, each estimated in good faith by Class Counsel at the time Initial Individual Allocations are calculated, but prior to the approval of the same by the Court.

25. Initial Reserve means $10,000.00 to be deducted and excluded from the Initial Net Settlement Amount as a contingency fund in order to allow upward adjustments to the Initial Individual Allocations when calculating the Revised Individual Allocations and the Individual Settlement Payments to correct mathematical and classification errors, account for unanticipated litigation or Administrative Costs not included in the estimates of such costs in the Initial Net Settlement Amount, and for any reasonable purpose necessary to effectuate the Settlement terms as agreed to by Class Counsel and Defendants.

26. Job Categories means the job categories of (i) weatherization crew chief, (ii) weatherization trucker/loader, (iii) weatherization worker, (iv) construction crew chief, and (v) construction worker.

27. Later Notice Response Deadline means the date ten (10) days after the Notice Response Deadline.

28. Later Opt-In(s) means the 11 Class Members who filed Consent-To-Join Forms with the Court to opt into the Action under 29 U.S.C. §216(b) between June 15, 2013, and February 13, 2014.

29. Net Settlement Fund means the Settlement Fund less Class Counsel attorneys' fees and costs, Administrative Costs, and Service Payments, as approved by the Court.

30. Notice Approval Date means the date the Court enters an order preliminarily approving the form and distribution of the Notice.

31. Notice Approval Order means the order of the Court approving the form and distribution of the Notice.

32. Notice Mailing Date means the initial date on which the Claims Administrator mails the Notice to the Class Members.

33. Notice means a notice of settlement (and associated response forms), substantially in the form attached hereto as Exhibit 1, approved by Class Counsel and Defendants, subject to

4

Court approval, or a similar notice in the form approved by the Court, which the Claims Administrator will mail, via first-class U.S. mail, to each Class Member to explain the terms of the Settlement and the claims process. The forms attached to the notice include the Consent Form (Form 1-A) and the Opt-Out Form (Form 1-B).

34. Notice Response Deadline means the date forty-five (45) days after the Notice Mailing Date.

35. Opt-In(s) means the Early Opt-Ins and the Later Opt-Ins.

36. Opt-Out Form(s) means the Election of Opt-Out of Settlement and Class Action Form substantially in the form of Form 1-B attached to the Notice (Exhibit 1 hereto), as approved by Class Counsel and Defendants, subject to Court approval, or such similar form in the form approved by the Court, which a Class Member must complete in full and timely submit in order to opt-out of the Settlement.

37. Party or Parties means the Named Plaintiff, Opt-Ins, Class Members, and Defendants.

38. Released Person(s) means Defendants and their respective present and former directors, officers (as officers and individually), employees shareholders, agents, attorneys, parent entities, affiliates, subsidiaries, successors, and assigns.

39. Revised Individual Allocations means the monetary amount that each Consenting Settlement Class Member would receive as an Individual Settlement Payment by allocating the Revised Net Settlement Fund on a pro rata basis among Consenting Settlement Class Members according to the Allocation Formula.

40. Revised Net Settlement Fund means the monetary amount equal to $500,000.00 less the estimated Class Counsel attorneys' fees and costs, estimated Administrative Costs, and proposed Service Payments, each estimated in good faith by Class Counsel at the time Revised Individual Allocations are calculated, but prior to the approval of the same by the Court.

41. Rule 23 Class means the class of persons who were employed by AWI for two weeks or more during the Covered Period in a Covered Position to be certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Rule 23 Class Member(s) means person(s) in the Rule 23 Class.

43. Service Payment(s) means amounts, to be approved by the Court, to be paid to the Class Representative and Class Service Members who timely submit their Consent Forms, which amount is in addition to the Individual Settlement Payments awarded to each of them as Consenting Settlement Class Members, in recognition of their efforts in pursuing this Action and performing acts benefiting the Class Members.

44. Settlement means the settlement of the Litigation as contemplated and described by this Agreement.

45. Settlement Class means the Class Representative, Opt-Ins, and Class Members, but does not include: (i) any Opt-In who rejects the settlement or does not respond to the Notice or (ii) any Class Member who timely opts-out of the settlement.

46. Settlement Class Member(s) means person(s) in the Settlement Class.

47. Settlement Effective Date means the first day after the last of the following occurrences: (i) the issuance of the Court's Final Approval Order; (ii) if an objection has been made to Final Approval Order, the date on which the objector's time to appeal the Final Approval Order has expired with no appeal or other judicial review having been taken or sought; or (iii) if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeal(s) or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

48. Settlement Escrow Account means the escrow account held by the Claims Administrator, or such other account on which Class Counsel and Defendants' counsel agree, into which Defendants will place $500,000.00 (the Settlement Fund) plus money to cover the Employer Payroll Taxes in accordance with this Agreement.

49. Settlement Fund means $500,000.00 to be paid by Defendants in settlement of the claims of the Settlement Class Members and which represents the Defendants' compliance with wage laws, multiple damages, penalties, liquidated damages, interest, attorneys' fees, and costs, out-of-pocket expenses, costs of settlement administration and class action representative incentive or Service Payments related to the foregoing.

50. Unpaid Wages Estimate means the estimated total amount of wages allegedly owed to each Class Member for purposes of the Allocation Formula, as further described in Section IV.E.6 of this Agreement.

51. Weekly Unpaid Hours Estimate means the estimated number of unpaid hours each Class Member allegedly worked per week for purposes of the Allocation Formula.

52. Weeks of Employment means the number of weeks between a Class Member's initial hire date in a Covered Position and the earlier of such Class Member's termination date or the end of the Covered Period.

## B. STIPULATIONS TO CLASS AND COLLECTIVE ACTION CERTIFICATION

1. Consent to Class Certification. For settlement purposes only, Defendants consent to certification under Rule 23 of the Federal Rules of Civil Procedure of the Rule 23 Class. The Parties stipulate and agree that the requisites for establishing class certification with respect to the Rule 23 Class have been and are met for purposes of settling this Litigation.

2. Consent to Final FLSA Certification. For purposes of settlement only, Defendants stipulate that all persons who worked for Defendants in a Covered Position for two weeks or more during the Covered Period are similarly situated within the meaning of 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

## C. BENEFITS TO SETTLEMENT CLASS

1. Settlement Fund. In exchange for the release of claims described below, Defendants will pay the gross amount of $500,000.00 in settlement to or on behalf of the Settlement Class Members. The Settlement Fund does not include the Employer Payroll Taxes. The Net Settlement Fund is to be allocated to the Consenting Settlement Class Members according to the Allocation Formula set forth in this Agreement below.

2. Employer's Payroll Taxes. In addition to the Settlement Fund, Defendants will pay the Employer Payroll Taxes on the portion of Individual Settlement Payments treated as wages according to this Agreement. The Defendants and the Consenting Settlement Class Members shall each be responsible for their respective share of any additional assessment of taxes.

3. No Reversion. No unclaimed portion of the Settlement Fund will revert to Defendants as long as the Court grants and enters Final Approval Order.

4. Attorneys' Fees and Costs. Defendants, through the Claims Administrator, will pay the attorneys' fees, costs, and expenses awarded by the Court to Class Counsel from the Settlement Fund. Class Counsel will apply to the Court for reimbursement of reasonable attorneys' fees, costs, and expenses from the Settlement Fund. Defendants will not object to an application for attorneys' fees in any amount up to 28% of the Settlement Fund, not to exceed $140,000.00, and for reasonable costs and expenses in any amount up to $15,000.00 (excluding Administrative Costs, for which Class Counsel will make a separate request).

5. Administrative Costs. Defendants, through the Claims Administrator, will pay the Claims Administrator (or Class Counsel and/or Defendants, to the extent Class Counsel and/or Defendants have already paid the Claims Administrator) Administrative Costs approved by the Court from the Settlement Fund. Class Counsel will apply to the Court for reimbursement of reasonable Administrative Costs. Defendants will not object to an application for Administrative Costs in any amount up to $20,000.00.

6. Service Payment to Class Representative. Defendants, through the Claims Administrator, will pay the Service Payment in the amount awarded by the Court to the Class Representative from the Settlement Fund if the Class Representative timely files a Consent Form. Class Counsel may apply to the Court for an award of a Service Payment to the Class Representative in the amount up to $18,000. This Service Payment is over and above the Individual Settlement Payment the Class Representative will receive provided that he timely submits a Consent Form. Defendants will not oppose the motion for Service Payment to the Class Representative.

7. Service Payments to Class Service Members. Defendants, through the Claims Administrator, will pay the Service Payments awarded by the Court to each of the Class Service Members from the Settlement Fund who timely files a Consent to Join Settlement and Claims Release Form. Class Counsel may apply to the Court for an award of a Service Payment to each of the Class Service Members in the amount of $100.00 for each of the eighteen (18) Class Service Members who responded to Defendants' Requests for Answers to Interrogatories, and $250.00 for each of the seven (7) Class Service Members who testified at depositions in response to Defendants' Notice of Deposition or a Notice of *De Bene Esse* Deposition. This Service Payment is over and above the Individual Settlement Payment each of the Class Service Members will receive provided that he or she timely submits a Consent to Join Settlement and Release of Claim Form. Defendants will not oppose the motion for service payments to the Class Service Members.

## D. RELEASE OF CLAIMS

1. Claims Released Pursuant to Consent Form. Upon the Settlement Effective Date, each Consenting Settlement Class Member will be deemed to have released all Released Persons, as defined above, inclusive of AWI, Kelly and their respective present and former directors, officers (as officers and individually), employees, shareholders, agents, attorneys, parent entities, affiliates, subsidiaries, successors, and assigns, from any and all federal and state law claims, obligations, demands, actions, rights, causes of action, made or which could be made, and liabilities, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, related to wage, overtime, and/or compensation for work performed in a Covered Position during the Covered Period, including, but not limited to, claims pursuant to the FLSA; claims under the Massachusetts Wage Act, M.G.L. ch. 149 §§ 148, 150 *et seq.* and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, and any claims that may be released under Massachusetts labor statutes, M.G.L. c. 149; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit, based on any act or omission that occurred during the Covered Period ("Consenting Settlement Class Member Releases").

2. Claims Released By Settlement Class Members Who Do Not Respond. Upon the Settlement Effective Date, each Settlement Class Member who has not timely filed a Consent Form will be deemed to have released all Released Persons from any and all federal and state law claims, obligations, demands, actions, rights, causes of action, and liabilities, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, related to wage, overtime, and/or compensation for work performed in a Covered Position during the Covered Period, including, but not limited to, claims under the Massachusetts Wage Act, M.G.L. ch. 149 §§ 148, 150 *et seq.* and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, and any claims that may be released under Massachusetts labor statutes, M.G.L. c. 149; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of

unjust enrichment and quantum merit, based on any act or omission that occurred during the Covered Period (the "Non-Responding Class Member Releases").

## E. INITIAL SETTLEMENT PROCEDURES AND ADMINISTRATION

1. Motion for Authorization to Send Notice of Class Action Settlement. As soon as practicable after the signing of this Agreement, the Class Representative and Defendants will file with the Court a joint motion for authorization to distribute notice of class action settlement to the Class Members and Opt-Ins. The Class Representative and Defendants will move the Court for the Entry of Orders that (i) certify the Rule 23 Class and FLSA collective action for settlement purposes only; (ii) appoint Class Counsel; (iii) appoint the Named Plaintiff as Class Representative; (iv) approve the form and content of the Notice, including the forms attached thereto; (v) direct distribution of the proposed Notice to all Class Members; and (vi) set a date for a final fairness hearing to determine issues including the fairness and adequacy of the Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, Administrative Costs, and Service Payments.

2. Data on Opt-Ins and Class Members. Within seven (7) days after the date of this Agreement, or as soon thereafter as practicable, AWI will provide to Class Counsel an electronic listing of the names, last known addresses, dates of employment in a Covered Position, available telephone numbers and email addresses, and registered payroll data of all Class Members that Class Counsel does not already have, including, but not limited to, payroll data from September 13, 2013 through February 13, 2014. After receiving this data, and as soon as possible thereafter, Class Counsel will provide to the Claims Administrator contact information for the Class Members, including the most recent addresses and telephone numbers, if any, Class Counsel has for each Class Member.

3. Claims Administration Agreement. As soon as practicable after the date of this Agreement, Class Counsel shall contract with the Claims Administrator to handle the administration of the Settlement.

4. Administrative Costs. The Parties intend for the Administrative Costs to be paid out of the Settlement Fund and that Class Counsel will seek Court approval of payment of all Administrative Costs out of the Settlement Fund.

5. Settlement Escrow Account. Within sixty (60) days after the Notice Approval Date, Defendants will place $500,000.00 into the Settlement Escrow Account. Defendants' failure to place $500,000.00 into the Settlement Escrow Account as required by this paragraph in no way voids their obligation to make payments under this Agreement.

6. Allocation Formula. The Allocation Formula, which establishes a pro rata relationship among the Class Members (for purposes of the Initial Individual Allocations) or Consenting Settlement Class Members (for purposes of the Revised Individual Allocations and Individual Settlement Payments), is based on (i) the relative Unpaid Wage Estimates of each Class Member/Consenting Settlement Class Member and (ii)

whether each Class Member/Consenting Settlement Class Member opted in and, if so, whether it was timely.

Using data provided by Defendants, Class Counsel will calculate each Class Member's Unpaid Wage Estimate based on: (1) the Class Member's Weeks of Employment, (2) the Class Member's Average Pay Rate, and (3) the Class Member's Weekly Unpaid Hours Estimate. Each Class Member's Weekly Unpaid Hours Estimate will be a number based on the Job Category of such Class Member.

7. Initial Individual Allocations. Class Counsel will calculate, and Defendants will reasonably approve, the Initial Individual Allocations based on a pro rata distribution of the Initial Net Settlement Amount to all Class Members according to the Allocation Formula. As soon as practicable after the Notice Approval Date, Class Counsel will provide the Claims Administrator with the Initial Individual Allocations for inclusion in the Consent Forms.

## F.  MAILING NOTICE AND RESPONSES

1. Mailing Notice. As soon as practicable after the Notice Approval Date, the Claims Administrator will send a Notice to each Class Member by first-class U.S. mail, postage prepaid.

2. Re-mailing and Extension of Deadlines. In the event that subsequent to the first mailing of a Notice and prior to Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, the Claims Administrator shall re-mail the Notice to the forwarding address for the recipient, if one is provided, or to an address ascertained, if any, from performing a standard skip trace search. The re-mailed Notice will clearly indicate that recipients have until the Later Notice Response Deadline to timely respond to the re-mailed Notice. The envelope containing the response to the re-mailed Notice must be postmarked by the Later Notice Response Deadline to be considered timely, absent a showing of good cause, as reasonably determined by Class Counsel in conference with Defendants' counsel.

3. Timely Consent Forms. In order to become Consenting Settlement Class Members, except as otherwise stated in this Agreement, Class Members will have forty-five (45) days from the mailing of the Notice to mail a Consent Form to the Claims Administrator. No Consent Forms will be honored if postmarked late unless the late-filing claimant establishes good cause, as reasonably determined by Class Counsel after conferring with counsel for Defendants. The Claims Administrator will review the forms and certify to Class Counsel and counsel for Defendants which claims were timely filed.

4. Deficient Claims Forms. If a Consent Form is submitted timely, but is deficient in one or more aspects (for example, the language describing the release has been altered), the Claims Administrator will return the Consent Form to the Class Member as soon as practicable after the receipt with a letter explaining the deficiencies and stating that the

Class Member will have until the Later Notice Response Deadline to correct the deficiencies and resubmit the form. The envelope containing the resubmitted Consent Form must be postmarked by the Later Notice Response Deadline to be considered timely, absent a showing of good cause, as reasonably determined by Class Counsel in conference with Defendants' counsel.

5. Opt-Out or Reject Procedures. Class Members seeking to exclude themselves from the settlement must complete, sign, and timely submit an Opt-Out Form to the Claims Administrator. To be valid, Opt-Out Forms must be postmarked within forty-five (45) days from the Notice Mailing Date, except as otherwise described in this Agreement. No Opt-Out Form will be honored if postmarked late unless the late-filing Class Member establishes good cause, as reasonably determined by Class Counsel in conference with Defendants' counsel. No Opt-Out Form will be honored if the Class Member also timely returns a properly executed Consent Form, unless the Class Member specifically indicates in writing that he or she no longer wishes to be a Consenting Settlement Class Member.

6. Filing of Both an Opt-Out Form and a Consent Form. When a Class Member submits both an Opt Out and a Consent Form such Class Member will be deemed to have opted in to the Settlement Class and will become a Consenting Settlement Class Member who receives his or her Individual Settlement Payment and is subject to the Consenting Settlement Class Member Releases unless the Class Member specifically indicates in writing prior to the Notice Response Deadline that he or she no longer wishes to be a Consenting Settlement Class Member.

7. Objection to Settlement. Whether or not a Class Member opts out of the Settlement Class, the Class Member may object to the Settlement by submitting written objections to the Court and mailing copies of their written objection to the Claims Administrator no later than the Notice Response Deadline. The Claims Administrator shall immediately provide copies of any such objections to counsel of record

8. Class Members Who Do Not Respond. All Class Members who do not respond to the Notice will not be allocated any portion of the Settlement Fund. Any Class Member who does not respond to the Notice, in compliance with applicable law and Rule 23, will be a Settlement Class Member, bound by the judgment dismissing this Action on the merits with prejudice and bound by the Released State Law Claims. Any Opt-In who does not respond shall be dismissed.

G.   **REVISED ALLOCATIONS, FINAL APPROVAL, AND DISTRIBUTION OF SETTLEMENT FUND**

1. Claims Administrator Report of Responses. As soon as practicable after the Later Notice Response Deadline, the Claims Administrator will provide to Class Counsel and Defendants a report of Class Members' responses to the Notice, including the list of names of all Class Members who timely filed valid Consent Forms and the list of names of all Class Members who timely filed valid Opt-Out Forms.

2. Revised Individual Allocations. As soon as practicable after receiving the final report of responses from the Claims Administrator, Class Counsel will calculate the Revised Individual Allocations allocating the Revised Net Settlement Fund among the Consenting Settlement Class Members based on the Allocation Formula. The Initial Individual Allocations allocated to Class Members who opt-out, reject or do not respond to the Notice shall be reallocated on a pro rata basis to the Consenting Settlement Class Members according to the Allocation Formula.

3. Ineligible Opt-Ins. The Parties agree that the Ineligible Opt-Ins are not eligible to participate in the Settlement because they did not work in Covered Positions for two weeks or more during the Covered Period. The Parties will request that the claims of these individuals be dismissed as part of the Court's final approval order.

4. Joint Motion for Final Approval. Class Counsel will prepare, and Defendants will reasonably approve, a joint motion for final approval of the Settlement. Class Counsel will timely file the joint motion for final approval of the Settlement, which will include proposed Orders regarding the following:

   (i)     Granting Final Approval to the Settlement, adjudging the terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

   (ii)    Dismissing the Action on the merits, with prejudice, in accordance with the terms of this Agreement;

   (iii)   Dismissing the claims of Opt-Ins who fail to respond to or reject the Settlement and Class Members who opt-out of the Settlement;

   (iv)    Dismissing the claims of the Ineligible Opt-Ins; and

   (v)     Reserving jurisdiction over the construction, interpretation, implementation, and enforcement of the Parties' settlement and over the administration and distribution of settlement benefits.

5. Unopposed Motion for Court Approval of Fees, Costs, and Awards. Class Counsel will prepare, and Defendants will not oppose, a motion for approval of fees, costs, and awards by the Court in accordance with this Agreement. Class Counsel will timely file the motion, which will include proposed Orders regarding the following:

   (i)     Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs from the Settlement Fund;

   (ii)    Approving payment of the Administrative Costs from the Settlement Fund;

   (iii)   Approving the Service Payment to the Class representative from the Settlement Fund; and

    (iv)    Approving the Service Payments to the Class Service Members from the Settlement Fund.

6. <u>Calculation of Individual Settlement Payments</u>. As soon as practicable after the date of the Final Approval Order, Class Counsel or the Claims Administrator will calculate, and Defendants' counsel (and, if calculated by the Claims Administrator, Class Counsel) will reasonably approve, (i) the Individual Settlement Payments based on a pro rata distribution of the Net Settlement Fund among the Consenting Settlement Class Members according to the Allocation Formula and (ii) the Employer Payroll Taxes (the "Final Employer Payroll Taxes Calculation"). The Initial Individual Allocations allocated to Class Members who opt-out, reject or do not respond to the Notice shall be reallocated on a pro rata basis to the Consenting Settlement Class Members according to the Allocation Formula.

7. <u>Payment of Employer Payroll Taxes</u>. Defendants shall transfer to the Settlement Escrow Account money equal to the Employer Payroll Taxes within three (3) business days of Defendants' receipt of the Final Employer Payroll Taxes Calculation or within in such other longer time frame as Class Counsel agrees will permit timely distribution of the Settlement Fund.

8. <u>Distributing Settlement Fund</u>. As soon as practicable after the Settlement Effective Date, subject to the terms of this Agreement, the Claims Administrator will (i) mail settlement checks in the amount of the Individual Settlement Payments (minus taxes and withholdings, as discussed below) to each Consenting Settlement Class Member; (ii) mail checks representing the Service Payments approved by the Court to the Class Representative and Class Service Members; (iii) wire or otherwise transfer to Class Counsel the award of attorneys' fees and costs approved by the Court; and (iv) wire or otherwise transfer the Administrative Costs approved by the Court to the Claims Administrator (or, if, and to the extent, that Administrative Costs have already been paid, to the person(s) who paid such Administrative Costs).

9. <u>Releases Required</u>. No Individual Settlement Payments will be distributed unless and until the Claims Administrator has delivered to Class Counsel and counsel for Defendants copies of the signed Consent Forms from Consenting Settlement Class Members who accepted the settlement and did not affirmatively opt out.

10. <u>Cy Pres Fund</u>. If the Settlement Fund is not fully distributed four months after the initial distribution of the Individual Settlement Payments (because, for example, despite diligent efforts to locate claimants, not all claimants cashed checks), any remaining funds will be donated to the Massachusetts Legal Assistance Corporation in Boston, Massachusetts.

11. <u>Expiration of Checks</u>. Except as set forth below with respect to reissued checks, the settlement checks shall expire after ninety (90) days of their date of issuance.

12. List of Claimants with Uncashed Checks.  The Claims Administrator shall provide a list to Class Counsel of Consenting Settlement Class Members who have not cashed their checks thirty (30) days prior to the expiration of the checks.  The Claims Administrator shall make reasonable efforts to contact those individuals regarding their uncashed checks.

13. Lost or Damaged Checks.  If notified within ninety (90) days after the date settlement checks are initially issued, that a settlement check was lost or damaged, the Claims Administrator shall use reasonable efforts to reissue any lost or damaged settlement checks.  Reissued settlement checks shall expire thirty (30) days after the date of issuance.

14. Inquiries or Communications from Claimants.  The Parties agree to cooperate to resolve any post-settlement inquiries or communications from Opt-ins or Class Members.

15. Altering Dates.  Upon written agreement or with Court approval, the Parties may alter the above dates or time periods.

## H. PROMISES

1. No Admission.  Nothing contained in this Agreement or in any other document related to the Settlement will be construed as or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of either Defendant.  Each of the Parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

2. Taxes.  The Parties recognize that the Individual Settlement Payments include sums for wages, liquidated damages, penalties, and interest.  The Parties agree that fifty percent (50%) of all payments to Consenting Settlement Class Members (not including any Service Payment) will be deemed to constitute wages and thus will be subject to W-2 reporting (the "Wage Payment Portion").  The Claims Administrator will determine the normal payroll taxes and withholdings to be paid by the employee and the employer on each Consenting Settlement Class Member's Wage Payment Portion, pursuant to state and federal law.  The Claims Administrator will deduct normal payroll taxes and withholdings from each Consenting Settlement Class Member's Wage Payment Portion and issue a W-2 form to each Consenting Settlement Class Member.  In accordance with this Agreement, Defendants will make all Employer Payroll Taxes with respect to  each Consenting Settlement Class Member's Wage Payment Portion, and these amounts will not be deducted from the payments made to claimants. The remaining fifty percent (50%) of the Individual Settlement Payments will be deemed to constitute interest, penalties and liquidated damages.  The Claims Administrator will issue to each Consenting Settlement Class Member an IRS Form 1099 for that portion of their payments.

3. Taxes on Service Payment.  Class Counsel and Defendants agree that the Service Payments to the Class Representative and Class Service Members are not wages. The Claims Administrator will issue an IRS Form 1099 to each Class Representative and

Class Service Member for his or her Service Payment, and each recipient will be responsible for correctly characterizing this compensation for tax purposes and paying any taxes owing on said amount.

4. <u>Waiver of Appeals</u>. The Parties agree to waive all appeals and to stipulate to final certification of the FLSA action as a collective action and to class certification of the Rule 23 class for purposes of implementing this Settlement. Plaintiffs and Class Counsel, however, reserve the right to appeal any denial or reduction in the amount of requested attorneys' fees and costs, Administrative Costs, and the Service Payments awarded by the Court.

## I.  MISCELLANEOUS

1. <u>Authority</u>. The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to these terms and conditions.

2. <u>Mutual Full Cooperation</u>. The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement and obtain expeditious preliminary and final approval of the Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement. The Parties to this Agreement will use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Agreement and the terms set forth in it.

3. <u>Notices</u>. Unless otherwise specifically provided in this Agreement, should any notices, demands or other communications be required after entry of the Court's Final Approval Order, they will be in writing and will be deemed to have been duly given as of the third business day after mailing by U.S. registered or certified mail, return receipt requested, addressed as follows:

| **To the Settlement Class:** | **To the Defendants:** |
| --- | --- |
| Chip Muller, Esq. | James F. Grosso, Esq. |
| Muller Law, LLC | O'Reilly, Grosso & Gross, P.C. |
| 155 S. Main St., Ste. 101 | 1661 Worcester Road, Suite 403 |
| Providence, RI 02903 | Framingham, MA 01701 |

4. <u>Construction</u>. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arms-length negotiations between the Parties and that this Agreement will not be construed in favor of or against any party by reason of the extent to which any Party or the Party's counsel participated in the drafting of this Agreement.

5. <u>Construction of Captions and Interpretations</u>. Paragraph titles or captions in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it.

6. Modification and Waiver. This Agreement may not be changed, altered, or modified except in writing and signed by the Class Representative and Defendants and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Class Representative and Defendants. The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

7. Integration Clause. This Agreement contains the entire agreement between the Parties relating to the Agreement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's legal counsel, are merged in this Agreement. No rights may be waived except in writing.

8. Binding on Assigns. This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

9. Joint and Several Obligations of Defendants. The obligations of Defendants set forth in this Agreement shall be considered joint and several liabilities of each of the Defendants.

10. Class Signatories. It is agreed that because the Class Members are so numerous, it is impossible or impractical to have each member of the Class execute this Agreement. The Notice will advise all Class Members of the binding nature of the release, and this will have the same force and effect as if this Agreement were executed by each Class Member.

11. <u>Counterparts</u>.  This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties, subject to Court approval.

_____
Derek Amaral, Class Representative

5-12-14
_____
Dated:


_____
John Kelly, Individually

_____
Dated:


_____
Advantage Weatherization, Inc.
By Jeffrey O'Neill

_____
Dated:

11. <u>Counterparts</u>. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties, subject to Court approval.

---

Derek Amaral, Class Representative

Dated:

---

John Kelly, Individually

Dated: 5/15/14

---

Advantage Weatherization, Inc.
By Jeffrey O'Neill

Dated:

17

11. Counterparts.  This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Agreement, which will be binding upon and effective as to all Parties, subject to Court approval.


_____          _____
Derek Amaral, Class Representative          Dated:


_____          _____
John Kelly, Individually                   Dated:

_____          _____
Advantage Weatherization, Inc.             Dated:
By Jeffrey O'Neill


17

# EXHIBIT 1

## NOTICE OF
## CLASS ACTION SETTLEMENT

*Amaral v. Advantage Weatherization, Inc. and John Kelly*
NOTICE OF CLASS ACTION SETTLEMENT FOR [INSERT FIRST AND LAST NAME]

# AS A CURRENT OR FORMER EMPLOYEE OF ADVANTAGE WEATHERIZATION, INC., YOU MAY BE OWED MONEY UNDER A RECENT CLASS-ACTION LEGAL SETTLEMENT. YOU MUST SUBMIT THE INCLUDED CLAIM FORM BY [INSERT DATE] TO OBTAIN YOUR SHARE. PLEASE READ BELOW FOR MORE INFORMATION ON HOW TO COLLECT YOUR SHARE OF THE SETTLEMENT.

## I. INTRODUCTION AND DESCRIPTION OF LAWSUIT

A proposed class action settlement (the "Settlement") has been reached in the above-referenced class and collective action lawsuit currently pending in the U.S. District Court for the District of Massachusetts. You are receiving this Notice because Advantage Weatherization, Inc., ("AWI") and John Kelly (together, "Defendants"), have identified you as a member of the settlement class. Your rights will be affected by this Settlement. Please read this Notice carefully.

## II. PURPOSE OF THIS NOTICE

The Court has certified the following class for purposes of settlement of state law claims (the "Class"): The class of persons who were employed by AWI for two weeks or more between February 1, 2010 and February 13, 2014 ("Covered Period") as non-exempt hourly employees as residential weatherization laborers, weatherization workers, door and window installers, crew chiefs, energy installers, field employees,  or other similar positions, but excluding hourly employees employed exclusively as residential assistants, furnace installers, and warehouse workers ("Covered Positions"). The Court has also certified the following collective action for purposes of settlement of the federal Fair Labor Standards Act ("FLSA") claims (the "Collective"): Every person who was employed by AWI for two weeks or more during the Covered Period in a Covered Position and who filed a consent-to-join form to opt-in to the FLSA action. Employees who fall within the definition of the Class and/or Collective are referred to in the rest of this document as "Class Members."

**According to AWI's records, you are a Class Member. The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the lawsuit and the Settlement.**

## III. DESCRIPTION OF THE LAWSUIT

Plaintiff Derek Amaral (the "Class Representative") filed this action in the U.S. District Court for the District of Massachusetts as a collective action under the FLSA and a class action under Massachusetts wage and hour laws, claiming employees working in Covered Positions were improperly denied compensation, including overtime compensation, for hours worked.

The Court conditionally certified the FLSA collective action in this case on January 17, 2013. Notice of the action was mailed to potential collective action members on February 14, 2013, informing recipients that they could opt-in to the collective action by filing a Consent to Join Form with the Court by June 14, 2013. Thirty Class Members filed Consent to Join Forms to opt-in to the lawsuit prior to the deadline,

and another eleven Class Members filed Consent to Join Forms to opt-in to the lawsuit between June 14, 2013 and February 13, 2014.

Defendants deny the allegations and maintain that they did not violate any federal or state laws. The Parties disagree as to the probable outcome of the lawsuit if it were not settled. While the Class Representative was prepared to proceed with the litigation, he also recognized that litigation is a risky proposition and that Plaintiffs may not have prevailed on any or all of their claims. Likewise, Defendants recognized the risks and costs involved with the lawsuit.

The attorneys representing the Parties are:

| Class Counsel | AWI's Counsel |
|---|---|
| Chip Muller, Esq. | James Grosso, Esq. & Miranda Jones, Esq. |
| MULLER LAW, LLC | O'REILLY, GROSSO & GROSS, P.C. |
| 155 S. Main St., Suite 101 | 1661 Worcester Road, Suite 403 |
| Providence, RI 02903 | Framingham, MA 01701-5400 |
| Tel: (401) 256-5171 | Tel: (508) 620-0055 |

## IV.  THE SETTLEMENT
## AND CALCULATION OF INDIVIDUAL SETTLEMENT PAYMENTS

### A.   The Settlement

In February, 2014, the Parties participated in mediation with a private mediator and reached an agreement to settle the lawsuit.   The Settlement is the result of good-faith, arm's-length negotiations between the Parties.  The Court granted preliminary approval of the Settlement on [INSERT DATE].  After the deadline for responding to this Notice, the Court will review the Settlement again at a Fairness Hearing, set for [INSERT DATE] at [INSERT TIME] a.m.

As part of the Settlement, Defendants have agreed to transfer $500,000 to a settlement fund ("Settlement Fund").  The Settlement Payment will be used for payments ("Individual Settlement Payments") to each Class Member who properly and timely submits a Consent to Join Settlement and Release of Claims Form ("Consenting Settlement Class Member").  Subject to Court approval, the Settlement Fund will also be used to pay attorneys' fees, litigation and claims administration costs, and a service payment to the Class Representative and Class Service Members, as described below (together "Other Payments").

### B.   Calculating Individual Settlement Payments

Each Individual Settlement Payment will equal a pro-rata share of the remainder of the Settlement Fund after deductions of Other Payments approved by the Court ("Net Settlement Fund").  The portion of the Net Settlement Fund that each Consenting Settlement Class Member receives will be based on (i) the relative estimates of unpaid wages allegedly owed to each Consenting Settlement Class Member and (ii) whether the Consenting Settlement Class Member opted in to the FLSA action, and, if so, whether it was timely.  The following factors will be used to estimate each Class Member's alleged unpaid wages: (1) the number of weeks between the Class Member's hire date and the earlier of the Class Member's termination date and the end of the Covered Period, (2) the average of the Class Member's first and last pay rates, and (3) an estimate of the number of unpaid hours the Class Member allegedly worked per week ("Weekly Unpaid Hours Estimate").  The Weekly Unpaid Hours Estimate is based on the Class Member's categorization as a weatherization crew chief, weatherization trucker, weatherization worker, construction crew chief, or construction worker.

The Parties agree to this allocation approach and believe that it fairly allocates the Settlement Fund between and among the Class Members in light of factors including the evidence regarding alleged unpaid hours worked and the likelihood of maintaining class/collective certification for the entirety of the litigation. If you (or any other Class Member) do not timely submit a Consent to Join Settlement and Release of Claims Form, the payment initially allocated to you (or any other Class Member) will be reallocated to the Consenting Settlement Class Members.

The Consent to Join Settlement and Release of Claims Form attached to this Notice sets forth the Individual Settlement Payment you are estimated to receive ("Initial Payment Estimate") assuming (i) all Class Members become Consenting Settlement Class Members and (ii) Class Counsel requests, and the Court approves, the maximum Other Payments described below in Section V. To the extent one or both of these two assumptions does not occur, the Individual Settlement Payment you actually receive will likely be slightly higher than the Initial Payment Estimate.

## V.  ATTORNEYS' FEES AND COSTS AND SERVICE PAYMENTS

Class Counsel will apply for an award of attorneys' fees in the amount of 28% of the total settlement, plus up to a maximum of $35,000 for costs paid out of pocket to litigate the case and payment of the Claims Administrator. Additionally, Class Counsel will apply for a service payment ("Service Payment") of $18,000 for the Class Representative, who has spent a significant amount of time and energy vigorously pursuing this matter on behalf of the Class Members; $250 for each of seven (7) Class Service Members who attended depositions on behalf of the Class Members; and $100 for each of eighteen (18) Class Service Members who responded to Requests for Responses to Interrogatories propounded by Defendants. All such fees, costs, and Service Payments are subject to Court approval. These amounts have already been deducted from your Initial Payment Estimate described in the Consent to Join Settlement and Release of Claims Form. No additional deductions from your portion of the settlement will be made to cover attorneys' fees or costs or Service Payments.

## VI.  SCOPE OF RELEASE

The decision to release your claims and participate in this Settlement, not release your claims and not participate in the settlement, or do nothing and release your claims has legal consequences, so **please read the full release contained in the attached Consent to Join Settlement and Release of Claims Form carefully.**

## VII.  TO RECEIVE A SETTLEMENT PAYMENT

**In order to receive a payment under the Settlement, you must complete, sign, and mail the enclosed Consent to Join Settlement and Release of Claims Form to the Claims Administrator, [INSERT NAME OF CLAIMS ADMINISTRATOR], so that it is postmarked by [INSERT DATE].** Late or incomplete forms will not be valid absent good cause as determined by Class Counsel, after consultation with Defendants. You may use the pre-addressed envelope provided with this Notice for your convenience or your own envelope addressed as follows:

Amaral Settlement Administrator
[INSERT NAME OF CLAIMS ADMINISTRATOR]
[STREET ADDRESS]
[CITY, STATE ZIP]

## VIII.  TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election to Opt-Out of Settlement and Class Action Form ("Opt-Out Form") to the Claims Administrator.  If you previously opted-in to the FLSA action, by timely submitting an Opt-Out Form, you revoke your consent to join the FLSA action. **In order to be valid, your completed Opt-Out Form must be postmarked by [INSERT DATE] and you must not submit a Consent to Join Settlement and Release Form.** If you properly submit a timely Opt-Out Form, you will **not be eligible to receive any of the benefits** under the Settlement.  You will, however, retain whatever legal rights you may have against Defendants.  Submit an Opt-Out Form, and not a Consent to Join Settlement and Release Form, only if you do not want to participate in the Settlement.

If you timely submit both an Opt-Out Form and a Consent to Join Settlement and Release Form, the Opt-Out Form will have no effect unless you specifically indicate in writing to the Claims Administrator prior to [INSERT DATE] that you no longer wish to be a Consenting Settlement Class Member.

## IX.  TO OBJECT TO THE SETTLEMENT

Regardless of whether you opt out of the Settlement, if you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement by filing a written objection that includes Civil Action No. 1:12-cv-11583-DPW with the Court and mailing a copy of your written objection to the Claims Administrator the following addresses:

| Clerk of Court | Claims Administrator |
|---|---|
| U.S.D.C., District of Massachusetts | AMARAL CLAIMS ADMINISTRATOR |
| Office of the Clerk | [INSERT NAME] |
| 1 Courthouse Way | [INSERT ADDRESS] |
| Boston, MA 02210 | [INSERT CITY, STATE, ZIP] |

All objections must be signed and set forth your address, telephone number, and the name of the lawsuit. Your objection should clearly explain why you object to the Settlement and must state whether you or someone on your behalf intends to appear at the Fairness Hearing.  All objections must postmarked by **[INSERT DATE].**  If you submit a timely objection, you may appear, at your own expense, at the Fairness Hearing, discussed below.  Class Counsel will not represent you with respect to your objection. Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, litigation costs, administrative costs, Service Payments, the claims process, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Consent to Join Settlement and Release of Claims Form.  Also, regardless of whether you file an objection, in order to retain your right to pursue you own independent action, you must timely file a valid Opt-Out Form.

## X.  IF YOU DO NOTHING

**If you do nothing in response to this Class Notice, you will not receive any proceeds under the Settlement, but you will be subject to the Non-Responding Class Member Release, as described in the enclosed Consent to Join Settlement and Release of Claims Form.**

## XI.  TAXES

If you accept the terms of the Settlement and timely complete and return the Consent to Join Settlement and Release of Claims Form, you will receive a settlement check.  Half of your settlement payment will be reported as wages for tax purposes and you will receive an IRS Form W-2 for this portion of the payment.  Standard tax withholdings for wage payments will be deducted from this amount.  The other half of your settlement payment will constitute payment for alleged liquidated damages, interest, and penalties and will be reported on an IRS Form 1099.  **Each person's tax circumstances vary, and Class Counsel cannot advise you on your tax issues.  You should consult a tax preparer if you have any tax-related questions.**  You will have 90 days to cash your settlement checks.  After that date the checks will be voided and your settlement amount will be donated to charity.

## XII.  FAIRNESS HEARING

The Court will hold a Fairness Hearing to determine the fairness and adequacy of the Settlement, the plan of distribution, and Class Counsel's request for attorneys' fees and costs, payments to the Claims Administrator, and Service Payments to the Class Representative and Class Service Members.  The Fairness Hearing is scheduled for **[INSERT DATE]** at **[INSERT TIME]**, in Courtroom 1 on the Third Floor of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.  The time or date of the Fairness Hearing may be changed without further notice to Class Members.

## XIII.  NO RETALIATION OR DISCRIMINATION

AWI will not take any adverse action against any individual for participating in the settlement.

## XIV.  ADDITIONAL INFORMATION

Any questions regarding this Notice or the enclosed forms should be directed to Class Counsel at the address listed above or by calling (401) 256-5171.  If your address is different from the one on the envelope enclosing this Notice, or changes after you submit a Consent to Join Settlement and Release of Claims Form but before you receive the Individual Settlement Amount, please promptly notify the Claims Administrator by mail.

**DATED:**        [INSERT DATE OF MAILING]

# FORM 1-A

## CONSENT TO JOIN SETTLEMENT

## AND

## RELEASE OF CLAIMS FORM

[INSERT Class Member First and Last Name]

# CONSENT TO JOIN SETTLEMENT AND RELEASE OF CLAIMS FORM

## I. INSTRUCTIONS

In order to participate in the Settlement described in the Notice of Class Action Settlement that accompanies this Form, you must **COMPLETE, SIGN, AND MAIL this 2-page Consent to Join Settlement and Release of Claims Form ("Consent Form") so that it is received by the Claims Administrator with a postmark date on or before [\*\* INSERT DATE \*\*]**. Please use the envelope provided or your own envelope addressed to:

Amaral Settlement Administrator
[INSERT NAME OF CLAIMS ADMINISTRATOR]
[STREET ADDRESS]
[CITY, STATE ZIP]

Please note that terms not otherwise defined in this Consent Form have the meaning set forth in the Notice of Class Action Settlement accompanying this Consent Form.

## II. PAYMENT AND WORK SUMMARY

**YOUR INITIAL ESTIMATED PAYMENT \*:**                    [INSERT TOTAL $]

*(\*This estimate is prior to tax withholdings and is based on assumptions described in the Notice regarding participation in the Settlement by all Class Members and Court approval of the maximum Other Payments. To the extent either or both of these assumptions do not occur, the Individual Settlement Payment you actually receive will likely be slightly higher than the Initial Estimated Payment shown here.)*

## III. RELEASES AND OTHER PROMISES

By signing the form below, I agree to the following:

### A. Release

By participating in this Settlement by timely returning a properly completed Consent Form, I agree to completely release, discharge and hold harmless Defendants and their respective present and former directors, officers, as officers and individually, employees, shareholders, agents, attorneys, parent entities, affiliates, subsidiaries, successors, and assigns from any and all federal and state claims, obligations, demands, actions, rights, causes of action, and liabilities, of whatever kind and nature, character, and description, whether sounding in tort, contract, statute, or other applicable law, whether in law or equity, whether known or unknown, related to wage, overtime, and/or compensation for work performed in a Covered Position during the Covered Period, including, but not limited to, claims pursuant to the Fair Labor Standards Act of 1938, , 29 U.S.C. § 201, et. seq. ("FLSA"); claims under the Massachusetts Wage Act, M.G.L. ch. 149 §§ 148, 150 *et seq.* and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, and any claims that may be released under Massachusetts labor statutes, M.G.L. c. 149; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit, based on any act or omission that occurred during the Covered Period ("Consenting Settlement Member Release").

If I do not timely return a properly completed Consent Form and I fail to affirmatively opt-out of this Settlement, I will not be eligible to receive proceeds from the Settlement but I shall be deemed to hereby completely release, discharge and hold harmless Defendants and their respective present and former directors, officers, as officers and individually, employees, shareholders, agents,

[INSERT Class Member First and Last Name]

attorneys, parent entities, affiliates, subsidiaries, successors and assigns from any and all federal and state claims, obligations, demands, actions, rights, causes of action, and liabilities, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, related to wage, overtime, and/or compensation for work performed in a Covered Position during the Covered Period, including, but not limited to, claims under the Massachusetts Wage Act, M.G.L. ch. 149 §§ 148, 150 *et seq.* and the Massachusetts Minimum Fair Wage Law, M.G.L. ch. 151, and any claims that may be released under Massachusetts labor statutes, M.G.L. c. 149; any breach of contract claims; and any state common law wage claims, including, but not limited to claims of unjust enrichment and quantum merit, based on any act or omission that occurred during the Covered Period ("Non-Responding Class Member Release").

## B.  Additional Representations and Promises

I understand that this Consent Form is a legally admissible, enforceable agreement governed by federal and Massachusetts state law.  I have carefully read this Consent Form and I am entering into it knowingly and voluntarily, and all my representations in it are true.

I understand that by signing below, I am consenting to join this Civil Action, *Amaral v. Advantage Weatherization, Inc. and John Kelly*, Case No. 1:12-cv-11583-DPW, for settlement purposes and participate in the claims administration process. I hereby designate Chip Muller, Esq. to represent me. I consent and agree to be bound by the judgment as approved by my attorney and approved by the Court as fair, adequate, and reasonable.

I understand that if I participate in the Settlement, the Individual Settlement Payment I receive will represent wages as well as liquidated damages and/or penalties.  I understand that, after final approval of the Settlement by the Court, the Claims Administrator will (i) send me a check equaling my Individual Settlement Payment minus applicable federal, state and local tax withholdings on the portion of the payment representing wages and (ii) issue an IRS Form W-2 to me reflecting this payment and an IRS Form 1099-MISC to me reflecting the portion of the Individual Settlement Amount representing liquidated damages and/or penalties.

DATED: _____     SIGNATURE: _____
                                                 [INSERT Class Member First and Last Name]

**PLEASE WRITE ANY CHANGES TO THE ADDRESS WE HAVE FOR YOU BELOW AND PROVIDE THE FOLLOWING INFORMATION SO THAT WE CAN CONTACT YOU REGARDING THE SETTLEMENT:**

[INSERT STREET ADDRESS]      Change to: _____

[INSERT CITY, STATE ZIP]                     _____

Best Phone Number(s): _____

E-mail Address: _____

**Please contact Class Counsel, Chip Muller, Esq., at (401) 256-5171, or the Claims Administrator by mail at the address above, if you have any questions about this Consent to Join Settlement and Release of Claims Form**

# FORM 1-B

## ELECTION TO OPT-OUT OF SETTLEMENT AND CLASS ACTION FORM

[INSERT Class Member First and Last Name]

# ELECTION TO OPT-OUT OF SETTLEMENT AND CLASS ACTION

Please complete and return this Election to Opt-Out of Settlement and Class Action Form ("Opt-Out Form") only if **you do not want to participate** in the Settlement that is described in the Notice of Class Action Settlement (the "Notice") accompanying this Opt-Out Form. Please note that terms not otherwise defined in this Opt-Out Form have the meaning set forth in the Notice. By electing to opt out of the Settlement, you will retain whatever legal rights you may have against Defendants; however, you will not be eligible to receive any of the benefits under the Settlement.

If you choose to not participate in the Settlement, you must **COMPLETE, SIGN, AND MAIL   this Opt-Out Form so that it is received by the Claims Administrator with a postmark date on or before [\*\* INSERT DATE \*\*].** Please use the envelope provided or your own envelope addressed to:

Amaral Settlement Administrator
[INSERT NAME OF CLAIMS ADMINISTRATOR]
[STREET ADDRESS]
[CITY, STATE ZIP]

## I. PERSONAL INFORMATION

Name (first, middle and last): _____

Home Street Address or P.O. Box: _____

City, State, Zip Code: _____

Home or Cell Telephone Number: ( _____ ) _____ - _____

## II. REQUEST FOR EXCLUSION

By signing and returning this Opt-Out Form, I certify that I have carefully read the Notice and that I wish to be excluded from the Class described therein. If I previously opted in to the FLSA collective action, I hereby revoke my consent to join the FLSA collective action. I understand that I am requesting to be excluded from the monetary Settlement and that I will receive no money from the Settlement. I understand that if I am excluded from the Class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I filed a claim under the Class monetary provisions in the *Amaral* lawsuit.

DATED: _____     SIGNATURE: _____

[INSERT FIRST AND LAST NAME]

**Please contact Class Counsel, Chip Muller, Esq., at (401) 256-5171, or the Claims Administrator by mail at the address above, if you have any questions about this Election to Opt-Out of Settlement and Class Action Form**
