UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEREK AMARAL, Individually and on behalf of all Current and Former Similarly-Situated Employees of Defendants | ) ) ) ) | |
| Plaintiff | ) ) | |
| V. | ) ) | C.A. NO. 1:12-CV-11583-DPW |
| ADVANTAGE WEATHERIZATION, INC. And JOHN KELLY | ) ) ) | |
| Defendants | ) ) | |

## DEFENDANTS'OPPOSITION TO THE PLAINTIFFS' EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT AND TO ADJUDGE IN CONTEMPT OF COURT

### INTRODUCTION

The Parties, Derek Amaral (Amaral), the lead Plaintiff in the above-captioned class action and all similarly-situated current and former employees of the Defendants, Advantage Weatherization, Inc. (AWI) and John Kelly (Kelly), entered into a Settlement and Stipulation Agreement ("Settlement Agreement II"). This Settlement Agreement II was the result of a mediation and settlement that occurred on February 13, 2014. This Court approved preliminarily Settlement Agreement II on July 31, 2014, by granting Plaintiffs' Assented-To Motion for Class Certification, Appointment of Class Representative and Class Counsel, Preliminary Review of Settlement, Authorization of Distribution of Notice, and Setting Date for Final Fairness Hearing. The Plaintiffs have filed an Emergency Motion to Enforce the Settlement Agreement [II] and to

Adjudge the Defendants in Contempt of Court for failure to pay the entire settlement amount, $500,000. The Defendants oppose Plaintiffs' Motion because the Defendants have paid more than half of the settlement amount and are in the process of paying in full to meet their contractual and court-ordered obligations.

## FACTS

On February 13, 2014, after a day-long mediation before Mediator Maria C. Walsh, Esq. of JAMS, the Parties entered into a Settlement Agreement (Agreement I).  The terms of Agreement I stated that the Defendants (AWI and Kelly) would pay a total of $500,000 to the Plaintiffs, which included payments for all wage and hour claims, including liquidated damages and interest, under Federal and Massachusetts law, attorneys' fees, and costs. The terms of Agreement I were incorporated and mirrored in Agreement II, via an Assented-to Motion for *inter alia* Preliminary Review of Settlement, which this Court allowed on July 31, 2014.

The agreement vis-a-vis the Defendants AWI and Kelly is that each party, the corporation and the individual, will pay $250,000, respectively, toward the $500,000settlement amount. It should be noted that since the beginning or 2014 or so, AWI is no longer in operation and Kelly has been removed as an officer of the corporation. On September 29, 2014, the Defendant AWI wired $250,000 (half of the agreed-upon settlement amount) to Rust Consulting, Inc. (Rust), the third party administer of the settlement fund. On October 3, 2014, the Defendant Kelly wired $25,000 to Rust. On October 10, 2014, the Defendant Kelly wired an additional $25,000 to Rust, for a total of $300,000 of the Defendants' $500,000 obligation. The Plaintiffs, via their counsel, have been apprised of these three payments. There is a balance owed of $200,000.

The Defendants understand their obligation. The Defendants are attempting to meet their obligation. As part of their Emergency Motion, the Plaintiffs are requesting that this Court order

the Defendants to "immediately deposit sufficient funds…into the Settlement Escrow Account…." The Defendants simply do not have the money presently to abide by this demand.

The Defendant Kelly still owes $200,000. Kelly has every intention of meeting his obligation, but has informed his counsel, who have relayed this information to Plaintiffs' counsel, that currently he cannot meet this financial obligation. Kelly his involved in a new construction undertaking and is waiting for clients to pay him. Due to the infancy of this venture, currently there is no cash reserve available. Moreover, Kelly previously supplied his personal financial records to the Plaintiffs, who knew that Kelly could not meet his financial obligation from personal assets.

As stated, Kelly intends to pay the remaining $200,000, but is financially unable to make one lump sum payment forthwith. Therefore, Kelly is requesting that this Court allow him to pay the remaining $200,000 under the following payment plan and he will make every attempt to adhere to this schedule:

October 17, 2014      -      $25,000

October 24, 2014      -      $25,000

October 31, 2014      -      $50,000

November 7, 2014     -      $50,000

November 14, 2014   -      $50,000

_____

Total:                          $200,000

The Defendants suggest that this payment plan is reasonable in the circumstances, that the Defendants have fulfilled 3/5 or 60% of their obligation to date, and that the payment plan

might only amount to a small yet insignificant delay in the distribution of payments to the employees and Plaintiffs' counsel.

## CONCLUSION

Based on the foregoing explanation and proffered payment plan, the Plaintiffs' Emergency Motion to Enforce Settlement Agreement and to Adjudge in Contempt of Court should be denied.

ADVANTAGE WEATHERIZATION, INC.
AND JOHN KELLY
By their attorney,


DATED:  October 15, 2014                              /s/ *Miranda S. Jones*
Miranda S. Jones – BBO 557803
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 102
Framingham, MA 01701-5400
Tel:  508/620-0055
mjones@ogglaw.com


## CERTIFICATE OF SERVICE

I, Miranda S. Jones, hereby certify that on October 15, 2014, a copy of the Defendants' Opposition to Plaintiffs' Emergency Motion to Enforce the Settlement Agreement was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


*/s/ Miranda S. Jones*
Miranda S. Jones

4