UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DEREK AMARAL, individually and on behalf of all current and former similarly-situated employees of Defendants | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-11583-LTS |
| ADVANTAGE WEATHERIZATION, INC., and JOHN KELLY | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

December 2, 2014

SOROKIN, J.

Defendant Kelly failed to make his contribution to the settlement fund at the time required by the settlement contract and the Court's Order. Although he has explained this deficiency as resulting from financial impossibility, he neither raised such impossibility with Plaintiffs' counsel at the time payment was due nor in advance of that time. Only after the intervention of Plaintiffs' counsel (in the form of their initiation of contact with defense counsel) and the threatened filing of an Emergency Motion did Defendant Kelly make a partial contribution. Similarly, it was after the filing of the Motion that Defendant Kelly proposed a payment plan for the remaining amount owed, which, to his credit, he honored.

At no time has Defendant Kelly established that earlier compliance with his obligations was not possible. Indeed, the facts suggest, and I find, otherwise. In these circumstances,

Plaintiffs' counsel are entitled to reimbursement for the reasonable attorneys' fees set forth in their submission, which were incurred in the course of the Emergency Motion and were reasonably necessary to secure compliance with a Court order.  See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (noting that, as an exercise of its inherent powers, "a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order.'") (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258 (1975)); Galanis v. Szulik, 841 F. Supp. 2d 456, 460-61 (D. Mass. 2011).

Accordingly, the Motion for Fees and Costs, Doc. No. 140, is ALLOWED.  Defendant Kelley shall make payment within twenty-one days of this Order.  As this is the last matter remaining in this case, the Clerk shall now close this case.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge